In the matter of the application of SILAS PARAMORE and SERIA PARAMORE for writ of *habeas corpus.*

[Decided January 15th, 1924.]

1. Where the governor of a sister state made requisition on the governor of New Jersey for the delivery of a person indicted for murder, so that he might be conveyed to the sister state to be tried for that offense, and such requisition is honored, the fear that the person so indicted may be lynched in the sister state does not constitute legal ground for this court to nullify the governor's writ of rendition, on application for a writ of *habeas corpus.*

2. Where a requisition and rendition are in due form, the only questions before this court are: "Is the prisoner the person named in the requisition and rendition;" and "Is he a fugitive from justice from the demanding state?"

3. It must be presumed that the demanding state will protect the prisoner from violence and give him a fair trial.

On petition, &c.

*Mr. Klemmer Kalteissen* and *Mr. William D. Danberry,* for the relator.

*Mr. Joseph E. Stricker* and *Mr. William L. Bryan* (of the Georgia bar), for the State of Georgia.

BACKES, V. C.

Silas Paramore was indicted June 3d, 1923, by the grand jury of Seminole county, Georgia, for the murder of I. J. Williams, in that county. After the alleged murder Paramore fled to this state and was apprehended in Middlesex county. Thereupon the governor of Georgia requested the governor of this state to deliver Paramore to J. L. Alday, his agent, to convey him to Georgia. The governor honored the request. Thereupon Paramore sued out this writ of *habeas corpus,* praying that he be set at liberty because he fears that if he is returned to Georgia he will be lynched, this fear being based upon alleged threats and demonstrations made against him by some evil disposed people of the community in which he formerly lived, and upon mob violence suffered in the past by persons of the colored race in the State of Georgia. That this plea does not constitute a legal ground for nullifying the governor's writ of rendition is too plain for discussion. To heed the appeal would be to give the prisoner his absolute freedom—an impossible alternative to a dismissal of the writ.

The requisition and rendition are in due form and the only questions before me are: Is the prisoner the person named in the requisition and rendition, and is he a fugitive from justice from the demanding state? The first is admitted. The second cannot be denied, for he was in the vicinity where the murder (if a murder) was committed, and at or about that time he fled from Georgia into this state. See *People* v. *Byrnes, 33 How. 58; Re Reggel, 114 U. S. 643; Hogan* v. *O'Neil, 255 U. S. 52.*

The prisoner's counsel seems to labor under the impression that the court may, in the exercise of a sound legal discretion, grant relief, but this is a misconception of the power of the court. The court is controlled by the law, and the law applicable to the case in hand is not in doubt and the duty of the judge is imperative. A similar appeal to the court based on fear of lynching is reported in *United States* v. *Cooke, 209 Fed. Rep. 607,* where the writ was dismissed, the court observing that it must be presumed that the de-

manding state will protect the prisoner from violence and give him a fair trial.   See, also, *Marbles* v. *Creecy, 215 U. S. 63.*

At the hearing before Governor Silzer on objections to granting the extradition, the reason here assigned was there fully exploited and the governor was at pains before signing the mandate to secure from the governor of Georgia his personal assurance of safe conduct for the prisoner and a fair trial.   Since then I have been informed that the governor has caused further investigation to be made in the vicinity of the murder and that he has received additional assurances that there is no ill-feeling against the prisoner in the community.   In granting the extradition the governor very properly concluded that the fear and apprehension of the prisoner that he would be lynched could not be lawfully entertained by him as a justification for refusing the request of the governor of Georgia.   The United States constitution and the federal statute made it obligatory upon him to honor the requisition.   *In re Thompson, 85 N. J. Eq. 221.*   As no legal cause has been assigned in these proceedings to justify judicial interference the writ will be dismissed and the prisoner remanded.