(No. 26403.—

THE PEOPLE *ex rel.* R. M. Westbrook, Appellant, *vs.* JOSEPH JAMES O'NEILL, Sheriff, *et al.* Appellees.

*Opinion filed November 24, 1941.*

JAY J. MCCARTHY, for appellant.

JAMES E. BURKE, State's Attorney, (CHARLES H. BLIM, of counsel,) for appellees.

Mr. JUSTICE SHAW delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Will county quashing a petition for a writ of *habeas corpus* filed on behalf of Edward H. Higgins, *alias* Vallette O. Westbrook, and remanding the relator to the custody of the sheriff of Will county to be surrendered to the proper authorities of California.

The record contains the following documents: The application for requisition of the parole officer of the State Board of Prison Directors of the State of California, addressed to the Governor of California; the requisition of the Governor of California to the Governor of Illinois; the information filed in the superior court of San Diego county, California, charging Westbrook with issuing checks without sufficient funds and also charging the relator with forgery; the affidavit of Alda M. Ferris, made before a justice of the peace in San Diego township, accusing Westbrook of having issued a check without sufficient funds, and also of committing an act of forgery; the verdict of a jury of the superior court of the State of California finding Westbrook guilty of forgery; the judgment of the superior court of California sentencing the relator to prison; order of the California State Board of Prison Directors granting parole to Westbrook dated June 25, 1934, and the revocation of Westbrook's parole, dated March 29, 1935.

At the time the writ of *habeas corpus* was filed Westbrook was confined in the county jail of Will county. The circuit court ordered the writ issued and the sheriff of Will county filed his return to the second amended and supplemental petition for the writ, admitting that he held Westbrook in his custody by virtue of the rendition warrant issued by the Governor of Illinois. The return further set forth that the requisition and accompanying papers were in regular and legal form; that the requisition substantially charges the relator with a crime against the laws of California; that the judgment of conviction rendered by the superior court of San Diego county, California, has not been fully satisfied; that at the expiration of about five years service of the sentence imposed upon Westbrook the State Board of Prison Directors granted Westbrook a parole and that the parole was subsequently suspended. The relator contends that the record and exhibits introduced in evidence did not show sufficient grounds for the rendition of Westbrook to California.

Section 5278 of the United States Revised Statutes (U. S. C. title 18, section 662) provides: "Whenever the executive authority of any State or territory demands any person as a fugitive from justice, of the executive authority of any State or territory to which such person has fled, and shall produce a copy of an indictment found or an affidavit made before a magistrate of any State or territory, charging the person demanded with having committed treason, felony or other crime, certified as authentic by the Governor or chief magistrate of the State or territory from whence the person so charged has fled, it shall be the duty of the executive authority of the State or territory to which such person has fled to cause him to be arrested and secured, and cause notice of the arrest to be given to the executive authority making such demand, or to the agent of such authority appointed to recover the fugitive, and to cause the fugitive to be delivered to such agent. If no such agent appears within six months from

the time of the arrest, the prisoner may be discharged. All costs or expenses incurred in the apprehending, securing or transmitting such fugitive to the State or territory making such demand shall be paid by such State or territory." This statute describes the various steps which must be followed to effect proper extradition proceedings. In the instant case it appears that proper demand was made by the Governor of California to the Governor of Illinois, and that the affidavit required by the statute charging the commission of a crime was made before the proper authorities in California.

The relator contends that the transcript of the record certified to the Governor of Illinois is deficient because it fails to contain a parole agreement entered into between the relator and the State of California, whereby the relator agreed to any terms or conditions affecting his parole. Relator cites the opinion of a former Attorney General of Illinois to sustain his position that such a parole agreement is necessary. Nowhere in the statute above referred to is there any reference to any parole agreement. It is not the province of this court, in an extradition proceeding, to inquire into the mechanics of the parole system of California or any other State. Whether or not the rules for parole provide that an agreement be entered into between the State and the parolee, is immaterial.

That a convict who is released from prison on parole and violates the terms of his parole may be extradited from another State as a fugitive from justice has been established in a long line of cases, commencing with *Hughes* v. *Pflanz*, 71 C. C. A. 234, 138 Fed. 980. This same rule is in force even though the paroled convict is permitted to leave the State in which he was originally sentenced. In *In re McBride*, 281 Pac. 651, the petitioner had been sentenced and paroled in the State of Oregon and departed for California. While in California he committed a felony, was there imprisoned, and the State of Oregon ordered the revocation of his parole. Petitioner contended on a *habeas*

*corpus* hearing that the Oregon court, having permitted him to go to California, thereby waived any further jurisdiction over his person. The court there said: "The weight of authority and the requirements of effective law enforcement sustain the proposition that one convicted of a crime in a foreign State and removing to another jurisdiction under parole, whether with or without the consent of the paroling authorities, and whose parole is subsequently revoked for a violation of its terms in the foreign jurisdiction, is subject to extradition."

The relator further argues that he did not flee from the justice of the demanding State, and, therefore, he can not be extradited from one State to another on the theory of "constructive presence." Upon release from prison on a parole one who goes to another State, is subject to be extradited as a fugitive from justice when his parole is revoked, because he is a convict whose term of punishment has not expired. The right of the demanding State is based upon the unsatisfied judgment of conviction against him, and as long as he has not served his full sentence he is still charged with a crime within the meaning of the statute. (*People ex rel. Mark* v. *Toman,* 362 Ill. 232; *Hughes* v. *Pflanz, supra; Albright* v. *Clinger,* 234 S. W. 57; *People ex rel. Lyman* v. *Smith,* 352 Ill. 496.) The phrase "charged with a crime" does not cease or merge in a conviction, but remains in force until the sentence has been performed and the judgment satisfied.

Westbrook's parole was revoked by the authorities of California. The requisition and other papers which have been filed with the Governor of Illinois, are in proper form and conform to the Federal statute prescribing extradition procedure. Westbrook is subject to extradition as a fugitive from justice.

The judgment of the trial court is affirmed, and the prisoner remanded.

*Judgment affirmed; prisoner remanded.*