FRANK LA SASSO, PROSECUTOR, v. ALEXANDER M. MAC-LEOD, JUDGE OF PASSAIC COUNTY COURT OF COMMON PLEAS, FLOYD E. JONES, CLERK OF SAID COURT, AND WILLIAM DEWEY, SHERIFF OF PASSAIC COUNTY, DEFENDANTS.

Submitted October 7, 1947—Decided January 5, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the prosecutor, *Isadore Rabinowitz, Ervan F. Kushner* and *Nathan Rabinowitz.*

For the defendants, *Manfield G. Amlicke,* Prosecutor of the Pleas of Passaic County.

The opinion of the court was delivered by

EASTWOOD, J.   This matter comes before us on a rule to show cause allowed by Mr. Justice Wachenfeld, why a writ of *certiorari* should not issue to review the order of the Court of Common Pleas of Passaic County made on July 25th, 1947, dismissing a writ of *habeas corpus* theretofore granted to prosecutor to test the legality of his arrest and surrender to the State of Florida as a fugitive from justice as the result of extradition proceedings.

Prosecutor, Frank La Sasso, alias Frank McGowan, was convicted on May 15th, 1942, in the Circuit Court for Pinellas County, Florida, for the crime of breaking and entering the dwelling house of one Jack Aldridge, with intent to commit a felony.   He was sentenced to the Florida State Prison for a term of five years.   On December 13th, 1943, prior to the expiration of his sentence, La Sasso escaped from said prison and came to the State of New Jersey where he has apparently resided since that time.   It is conceded by the prosecutor that he is the person so convicted and who escaped from the Florida State Prison as aforesaid.   Thereafter, on November 16th, 1946, the prosecutor was arrested without warrant by police officer Harry Hammond, of the Wayne Township police, on suspicion of having committed arson at the Preakness Church near Preakness, New Jersey, and was lodged in the Clifton police jail.   Prosecutor remained in the Clifton police jail until November 19th, 1946, when a complaint against him was made by officer Hammond charging him with being a fugitive from justice from the Florida State Prison and praying that a warrant issue for his apprehension and that he be

held for the authorities of the State of Florida until such time as he might be extradited under the provisions of *R. S.* 2:185–1, *et seq.* On November 21st, 1946, the prosecutor was arraigned in the Criminal Judicial District Court of Passaic County and was released under bail pending receipt of extradition papers. On the day of officer Hammond's complaint, November 19th, 1946, requisition was made by Millard F. Caldwell, Governor of Florida, reciting that Frank McGowan, alias Frank La Sasso, stood convicted of the crime of breaking and entering with intent to commit a felony as shown by judgment and sentence committed in the State of Florida and that said Frank McGowan, alias Frank La Sasso, is now a resident of the State of New Jersey in the custody of the Wayne Township police department, Mountainview, New Jersey, there being held as a fugitive from justice from the Florida State Prison Department. The requisition makes demand upon the Governor of New Jersey for the surrender of said fugitive from justice and that he be delivered to the agent appointed on behalf of the State of Florida to receive him. The requisition was accompanied by duly certified documents, namely, an application for requisition made by Nathan Mayo, Commissioner of Agriculture of the State of Florida, head of the Florida Prison Department; commitment of prosecutor by the Circuit Court of Pinellas County, Florida, to the Florida State Prison; information by the State Attorney of the Sixth Judicial Circuit of Florida against Harold Bross, alias Austin Dailey, and Frank McGowan; judgment and sentence of the Circuit Court of Pinellas County, Florida. Acting Governor of the State of New Jersey, Haydn Proctor, signed a warrant of rendition directing that prosecutor be forthwith arrested and delivered to the transfer agent of the demanding State of Florida. The Governor's warrant was issued on November 25th, 1946. On the same day the prosecutor was arraigned before the Passaic County Court of Common Pleas and remanded pending an application by him for a writ of *habeas corpus* to test the legality of the extradition proceedings. The writ was allowed and prosecutor was again released on bail. While the hearing of the *habeas corpus* proceedings was pending, Governor Driscoll, on April 7th,

1947, issued another warrant for prosecutor's arrest based on substantially the same facts as charged in the warrant issued by Acting Governor Proctor. It appears, however, that the warrant issued by Governor Driscoll was not executed. At the hearing of the *habeas corpus* proceedings before the Court of Common Pleas of Passaic County, both requisitions and both warrants were admitted into evidence. Upon conclusion of the testimony, the court dismissed the writ of *habeas corpus* and ordered prosecutor to be delivered to the transfer agent of the State of Florida to be returned to that state. The present rule to show cause why *certiorari* should not be allowed to review the action of the Passaic County Court of Common Pleas was then obtained by prosecutor.

We are importuned to reverse the action of the Pleas upon five grounds. In substance, they are (1) that the Court of Common Pleas erred in ordering prosecutor's surrender to the State of Florida upon two separate warrants of extradition, as well as two separate requisitions of the Governor of Florida; (2) that the extradition warrants charging prosecutor with the crime of breaking and entering with intent to commit a felony are in conflict with the complaint and warrant upon which prosecutor was arrested and arraigned before the Criminal Judicial District Court, thus making his arrest and imprisonment illegal; (3) that the crime of escape in Florida is punishable by a sentence of imprisonment not exceeding one year, and that prosecutor's arrest having been made originally without a warrant, was violative of *R. S.* 2:185–22, thus making his arrest and all subsequent proceedings illegal; (4) that the Governor of Florida did not personally certify that the prosecutor had escaped from confinement and that, therefore, New Jersey had no jurisdiction to award extradition; and, (5) that the two requisitions of the Governor of Florida recite that prosecutor stood convicted of the crime of breaking and entering in the State of Florida, and that since such charge had been merged in prosecutor's conviction, his extradition without a charge for the separate crime of escape having been made against him in the State of Florida, such proceedings were violative of prosecutor's constitutional guarantees.

At the outset, it is clearly apparent that prosecutor is the same individual who stands convicted in the State of Florida for the crime of breaking and entering with intent to commit a felony; 'that he has concededly escaped his imprisonment in that state and is now a resident of New Jersey. Counsel freely admits that his defense to the extradition proceedings are based purely on the technical grounds of the lack of jurisdiction in this state to entertain the proceedings. We have carefully examined the requisition of the Governor of Florida issued on November 19th, 1946, together with the supporting documents annexed thereto, and hold that they are a valid and substantial compliance with the requirements of *R. S.* 2:185–11 and find the same to be sufficient for the purpose of establishing proof of probable guilt of the accused so as to prevent his removal on unfounded accusations within the ruling expressed in *In re Fritz,* 137 *N. J. Eq.* 185; 44 *Atl. Rep.* (2d) 414. The requisition clearly sets forth that La Sasso stands convicted in the State of Florida for the crime of breaking and entering with intent to commit a felony; that he is a fugitive from justice; and that he is now a resident of the State of New Jersey. We deem such to be a statement sufficient within the intendment of *R. S.* 2:185–11 required of the executive authority of the demanding state, that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. The various papers accompanying the demand of the Governor of Florida all set out in detail the indictment, conviction and other facts pertinent to the matter. We hold that the demand for extradition contains a statement of the executive authority of the demanding state within the contemplation of the cited statute. See *State* v. *Wilson,* 135 *N. J. L.* 398; 52 *Atl. Rep.* (2d) 50 (appeal dismissed by the Court of Errors and Appeals for lack of prosecution). We find no merit in the contention that the Court of Common Pleas erred in ordering prosecutor's surrender to the State of Florida upon two separate warrants of extradition as well as two separate requisitions by the Governor of Florida. Suffice it to say, the second warrant issued by Governor Driscoll on April 7th, 1947, was never executed. The first requisition of the Governor of Florida and the war-

rant of Acting Governor Proctor issued on November 25th, 1946, was entirely sufficient and prosecutor suffered no harm. by the second requisition and unexecuted warrant of Governor Driscoll.

The first requisition of November 19th, 1946, specifically states *inter alia:*

"* * * that Frank McGowan alias Frank La Sasso stands convicted of the crime of breaking and entering with intent to commit a felony, as shown by judgment and sentence committed in the State of Florida, and information having been received that the said Frank McGowan alias Frank La Sasso is now a resident of another state other than the State of Florida, to-wit: The State of New Jersey and is now in the custody of Wayne Township Police Department, Mountainview, New Jersey, there being held as a fugitive from justice from Florida State Prison Department."

In our opinion, the foregoing language clearly charges the prosecutor with the crime of escape for which he was arrested and arraigned before the Criminal Judicial District Court of Passaic County. To hold otherwise, would be to do violence to plain English.

We find no merit to prosecutor's contention to the effect that the crime of escape in Florida is punishable by a sentence of imprisonment not exceeding one year, and that prosecutor's arrest having been made without a warrant was violative of *R. S.* 2:185–22, his arrest and all subsequent proceedings were thereby rendered illegal. Without expressing any opinion upon the validity of prosecutor's arrest and subsequent detention, we hold that he was nevertheless amenable to the requisition of the Governor of Florida and the rendition warrant of Acting Governor Proctor, the same being in full compliance with the statutory requirements and mandate.

We are likewise convinced that the argument of prosecutor to the effect that the charge was merged by his conviction in Florida is untenable. Such argument is specious, to say the least. As ofttimes stated, the rule is broad enough to include all classes of persons duly accused and convicted of crime. *R. S.* 2:185–11 requires that the indictment, information or affidavit made before the magistrate must substantially charge

the person with having committed a crime under the law of that state. The complaint of police officer Hammond before the First Criminal Judicial District Court of the County of Passaic was a substantial and sufficient compliance with the regulatory statute.

The meritorious issues to be decided by the court are that the court shall inquire whether the petitioner is the person named in the requisition and rendition and whether he is a fugitive from justice from the demanding state. *In re Paramore,* 95 *N. J. Eq.* 386; 123 *Atl. Rep.* 246; *affirmed,* 96 *N. J. Eq.* 397; 125 *Atl. Rep.* 926. The Court of Errors and Appeals so held in the recent case of *In re Colier,* 140 *N. J. Eq.* 469; 55 *Atl. Rep.* (2d) 29. We find nothing in the present matter which causes us to depart from the rule laid down in *Ex parte Colier, supra.*

We have considered all the other points advanced by prosecutor in support of his contentions and conclude that they are without merit.

The rule to show cause is accordingly discharged, without costs.