54 So.2d 633

## STEADMAN v. STATE.

### 8 Div. II.

Court of Appeals of Alabama.

Aug. 2, 1951.

Rehearing Denied Oct. 16, 1951.

Thos. C. Pettus, Moulton, for appellant.

Si Garrett, Atty. Gen., and Thos. F. Parker, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was arrested under an extradition warrant issued by the Governor of Alabama on the requisition of the Governor of Mississippi, said extradition warrant reciting that appellant was "charged by indictment, in the County of Forrest, in said State, with the crime of assault and battery with intent to murder (a duly certified copy of which indictment accompanies said requisition)."

Appellant instituted habeas corpus proceedings seeking his discharge from the custody of the Sheriff of Lawrence County, Alabama, and from the judgment remanding him to the said Sheriff he brings this appeal. The lower court, suspended

254

the writ pending appeal and allowed appellant bail.

In the proceeding below the State introduced in evidence a copy of the requisition of the Governor of Mississippi, and a certified copy of the indictment preferred against appellant. The requisition made by the Governor of Mississippi recites that appellant "stands charged with & has been convicted of the crime of assault and battery with intent committed in the County of Forrest in this State and he having been paroled, and parole subsequently having been revoked, and it has been represented to me that Jimmie Steadman, alias Sie Steadman has fled from the justice of this State and has taken refuge in the State of Alabama."

The State also introduced as an exhibit to the testimony of W. N. Baker, Parole Officer of Decatur, Alabama, copy of "certificate of parole" purporting to have been issued to appellant by the Mississippi State Parole Board, showing that appellant was placed under the supervision of said parole officer.

The papers in this case clearly show that appellant was regularly released on parole, and nowhere in said papers is he charged with a violation of the terms of said parole. The statement in the requisition warrant that the parole has been revoked is not a compliance with the provisions of Title 15, Section 52, Code of Alabama, 1940, requiring that the documents presented by the demanding State show that appellant has been convicted of crime in that State and has broken his parole. The certification of the Governor of Mississippi does not make the charge of crime, it merely authenticates the copy of that which does make the charge and is conclusive for that purpose. 22 Am.Jur.Sec. 42.

The documents presented to the Governor of Alabama were not sufficient to justify the issuance of the rendition warrant.

The judgment of the lower court is reversed and the petitioner ordered discharged from further custody in this proceeding.

Reversed and rendered.