(No. 32618.—

THE PEOPLE *ex rel.* James Holmes, Appellant, *vs.* JOHN E. BABB, Sheriff, *et al.,* Appellees.

*Opinion filed March 23, 1953.*

ULYSSES S. KEYS, of Chicago, for appellant.

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and ARTHUR F. MANNING, all of Chicago, of counsel,) for appellees.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

This is an appeal from an order of the criminal court of Cook County, entered in a *habeas corpus* proceeding October 30, 1951, remanding appellant James Holmes to the custody of an agent from the State of New York in an extradition proceeding, for the reason that appellant was a fugitive from justice.

On May 6, 1943, appellant was convicted of the crime of rape committed February 9, 1943, by the Court of General Sessions in New York City and was sentenced to the State penitentiary for a term of five to ten years. He entered prison on May 24, 1943, and was conditionally re-

leased on parole on October 3, 1946. On December 18, 1947, he was declared a parole violator and his parole was revoked. In July, 1951, he was taken into custody by the sheriff of Cook County on an extradition warrant.

At the hearing on the *habeas corpus* petition the Governor's extradition warrant signed by Wallace Thompson, President Pro Tem of the Senate and acting Governor, was offered and received in evidence together with the requisition papers of the demanding State. The only testimony presented by both appellant and respondents was that of a parole officer of the demanding State to the effect that appellant was in the State of New York on February 9, 1943, the date of the crime, and ceased making his reports to the parole officer December 18, 1947.

The demand from the Governor of the State of New York certifies that James Holmes stands charged in that State with the crime of "Rape 2nd Degree," certified to be a crime under the laws of that State, that accused was present in that State at the time of the commission of the crime, that he was convicted of such crime and sentenced, broke the terms of his parole and fled from the justice of that State. A copy of the indictment upon which appellant was convicted is attached. The extradition warrant issued by the acting Governor of Illinois states, "The Governor of the State of New York demands of me the arrest and delivery of James Holmes as a fugitive from justice, and has produced and laid before me a copy of an indictment, certified as authentic by the said Governor and duly authenticated, and charging the said ———— with having committed on the 9th day of February, A.D. 1943, in the County of New York, in the said State of New York, the crime of rape in the second degree, which the said Governor certifies to be a crime under the laws of said State, and being satisfied that the said James Holmes is a fugitive from justice and has fled from the said State of New York and

has taken refuge in this State." Appellant does not contend that he is not the person named in this warrant.

Appellant contends the rendition warrant is defective in that it was not signed by the Governor of Illinois as is required by the constitution and statutes of the United States. We find no merit in this contention. Article IV, section 2, of the constitution of the United States, and Title 18 U.S.C.A. sec. 3182, provide that it shall be the "executive Authority" of the State, not the "executive," who shall cause the arrest and surrender of the fugitive. The Illinois constitution provides (art. V, sec. 6) that "The Supreme executive power shall be vested in the governor, * * *;" in case of his absence from the State or other designated disabilities the powers and duties shall devolve upon the Lieutenant Governor (art. V, sec. 17); and if there be no Lieutenant Governor or he shall be incapable to act "the president of the senate shall act as governor until the vacancy is filled or the disability removed." (Art. V, sec. 19.) Therefore, in the absence of the Governor and Lieutenant Governor, the president of the Senate is the executive authority of the State. It is presumed the "executive Authority" acted in conformity with the law in the issuance of the warrant and the burden of rebutting that *prima facie* case rested upon the appellant. (35 C.J.S. page 335; *People ex rel. Flowers* v. *Gruenewald,* 390 Ill. 79.) There is nothing in the record to indicate that the acting Governor signed the warrant while either the Governor or Lieutenant Governor was capable of performing the duties of Governor. Extradition between States is a Federal matter and is controlled by the Federal constitution and laws; however, State legislation which does not conflict with but aids and facilitates the Federal legislation is constitutional. The provisions of the constitution of this State facilitate the Federal legislation in making always available an "executive authority" with power to honor the

demands of other States for the return of their fugitives from justice as the constitution of the United States demands.

The appellant next contends that he is not a fugitive from justice within the meaning of the law under an indictment for the crime of rape because that indictment was merged into a judgment of conviction and to that extent was satisfied. We have heretofore decided this question adversely to appellant's contention. In *People ex rel. Westbrook* v. *O'Neill*, 378 Ill. 324, at page 327, we said, "That a convict who is released from prison on parole and violates the terms of his parole may be extradited from another State as a fugitive from justice has been established in a long line of cases commencing with *Hughes* v. *Pflanz*, 71 C.C.A. 234, 138 Fed. 980." A person remains charged with a crime within the meaning of the constitutional and statutory provisions although he has been convicted, so long as the judgment of conviction remains unsatisfied. *United States ex rel. Faris* v. *McClain*, 49 F. Supp. 429; *People* v. *Mallon*, 218 N.Y.S. 432, affirmed 245 N.Y. 521; *Roberts* v. *Reilly*, 116 U.S. 80; *People* v. *Toman*, 362 Ill. 232.

Appellant cited in his brief *People ex rel. Guidotti* v. *Bell*, 372 Ill. 572; *People ex rel. Randolph* v. *Meyering*, 348 Ill. 17; *In re Tod*, 12 S.D. 386; *People* v. *Pease*, 207 U.S. 100; and *United States* v. *Meyering*, 75 Fed. 2d 716, none of which involved the issues here and need not be discussed.

The judgment of the criminal court of Cook County dismissing the petition for writ of *habeas corpus* and remanding appellant to the custody of respondent to be delivered to the agent for the State of New York, designated in the warrant issued by the acting Governor of Illinois, is affirmed.

*Judgment affirmed.*