(No. 36315.

THE PEOPLE *ex rel.* JOSEPH RUKAVINA, Appellant, *vs.*
FRANK G. SAIN, Sheriff of Cook County, Appellee.

*Opinion filed September 22, 1961.*

JASON ERNEST BELLOWS, and SHERMAN C. MAGIDSON,
both of Chicago, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield,
and DANIEL P. WARD, State's Attorney, of Chicago, (FRED
G. LEACH, Assistant Attorney General, and JOHN T. GAL-
LAGHER and MARVIN E. ASPEN, Assistant State's Attorneys,
of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This is an extradition case, and the question is whether, upon the evidence put before the court, the writ of *habeas corpus* was properly quashed.

The relator, Joseph Rukavina, was arrested by the sheriff of Cook County on the authority of a rendition warrant issued by the Governor of Illinois on the requisition of the Governor of Minnesota. A petition for a writ of *habeas corpus* was filed in the criminal court of Cook County to test the legality of the arrest and detention and the writ issued. After a hearing, the writ was quashed and the relator was remanded to the custody of the sheriff for delivery to the agent of the Governor of Minnesota. The relator has appealed directly to this court. Ill. Rev. Stat. 1959, chap. 60, par. 27.

At the hearing on the return to the writ of *habeas corpus,* the respondent introduced in evidence only the warrant of the Governor of Illinois, and his own return to that warrant. Section 3 of our Uniform Criminal Extradition Act, which is essentially similar to the Federal act, provides that unless the fugitive from justice is an escaped convict or has violated the terms of his bail, probation or parole, a demand for extradition must be "accompanied [1] by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or [2] by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon; * * * [which] must substantially charge the person demanded with having committed a crime * * *." (Ill. Rev. Stat. 1959, chap. 60, par. 20; *cf.* 18 U.S.C., par. 3182.) The rendition warrant in this case was based upon the second alternative and recited that "The Governor of the State of Minnesota demands of me the arrest and delivery of Joseph Rukavina * * * as a fugitive from justice, and has produced and laid before me a copy of an

[*sic*] Complaint, Warrant, Affidavit certified as authentic by the said Governor and duly authenticated, * * *."

The relator urges that the warrant is insufficient because it does not show upon its face, and the respondent did not prove, that he was charged with a crime by an "affidavit made before a magistrate." The respondent, on the other hand, maintains that "The words 'affidavit certified as authentic by the said Governor and duly authenticated' mean substantially the same as the statutory language 'affidavit made before a magistrate.'"

The rendition warrant in this case does not show that it was issued upon an affidavit made before a magistrate. In several cases this court has stressed the importance of this requirement that the affidavit be executed before a judicial officer. In *Lacondra* v. *Hermann,* 343 Ill. 608, 613, the court said: "The warrant in this respect is of itself insufficient, because it must appear to the Governor, to give him authority to issue his warrant, that the fugitive is charged with crime in the remanding State by an indictment or affidavit made before a magistrate. (*Ex parte Hagan,* 295 Mo. 435, 245 S.W. 336; *State* v. *Curtiss,* 111 Minn. 240, 126 N.W. 719.)" In that case, however, the requisition papers from the demanding State were introduced in evidence, and they cured the deficiency.

Again, in *People ex rel. Poncher* v. *Toman,* 371 Ill. 275, 279, the court said: "As held in the *Lacondra case,* it is necessary that the return of the sheriff show, either by the warrant of the Governor of the State, or by documents accompanying it, that the requisition of the Governor of the demanding State is based on either a copy of an indictment or of an affidavit made before a magistrate, certified as authentic by the Governor of the demanding State. Courts of this State cannot presume that the complaint here certified was an affidavit before a magistrate, or that the one before whom such complaint was made was a magistrate under the laws of the [demanding State]. No such showing

appears in this record, and on such condition of the record it was error to remand plaintiff in error to the custody of the sheriff." *People ex rel. Hackler* v. *Lohman,* 17 Ill.2d 78, is another instance in which a defect upon the face of the warrant was cured by other evidence.

In the cases cited, the Governor's warrant stated that there was before him "a copy of a complaint and warrant" (or "a complaint, warrant") "certified as authentic" by the Governor of the demanding State, "and duly authenticated." The Governor's warrant in the present case refers to an affidavit as well as a complaint and warrant. The respondent contends that the reference to an "affidavit certified as authentic by the said Governor and duly authenticated" means an "affidavit made before a magistrate." But this contention overlooks the fact that the words "certified as authentic by the said Governor and duly authenticated" are independently relevant, because the Federal statute requires that the indictment or affidavit must be "certified as authentic by the governor" of the demanding State, (18 U.S.C., par. 3182) and our statute that they must be "authenticated by the Executive Authority making the demand." (Ill. Rev. Stat. 1959, chap. 60, par. 20.) The rendition warrant does not, upon its face comply with the applicable statutes. The papers put before the Governor might have shown that the statutory requirements were satisfied, but we cannot presume that they would, and they were not put in evidence.

The respondent further contends that the relator can not now attack the sufficiency of the rendition warrant, because he did not object to its admission into evidence or attack its sufficiency in the trial court. The action is a civil one, (Ill. Rev. Stat. 1959, chap. 110, par. 1,) and the question involved is the sufficiency of the evidence to support the finding. In cases tried to a jury that question is preserved for review by a post-trial motion. (*Huber* v. *Van Schaack-Mutual, Inc.* 368 Ill. 142.) In cases tried without a jury, section 68.3 of the Civil Practice Act permits the filing of

a post-trial motion but explicitly provides that "Neither the filing of nor the failure to file a motion under this section limits the scope of review." (Ill. Rev. Stat. 1959, chap. 110, par. 68.3.) The question raised by the relator is therefore properly before us.

The judgment of the criminal court of Cook County is reversed.

*Judgment reversed.*