(No. 36756.—

THE PEOPLE *ex rel.* Benjamin D. Ritholz, Appellee, *vs.* FRANK G. SAIN, Sheriff of Cook County, Appellant.

*Opinion filed January 23, 1962.—Rehearing denied March 22, 1962.*

HERSHEY, C.J., dissenting.

DANIEL P. WARD, State's Attorney, of Chicago, (JOHN T. GALLAGHER, and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for appellant.

MARSHALL KORSHAK, of Chicago, (JOHN J. COGAN, and CHARLES D. SNEWIND, of counsel,) for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

The relator, Benjamin D. Ritholz, was arrested for purposes of extradition by respondent, Frank G. Sain, sheriff of Cook County, under authority of a rendition warrant issued by the Governor of Illinois on the requisition of the Governor of Michigan. A petition for writ of *habeas corpus* was filed by relator in the criminal court of Cook County to test the legality of his arrest and the writ issued, after which respondent filed a return alleging the Governor's warrant. By a supplemental petition relator challenged the sufficiency of the extradition papers and to such petition, respondent filed a return alleging that the papers were legal, that relator was a fugitive from justice, that he was charged with an offense against the laws of Michigan, and that he was the person named in the supporting papers. After a hearing, the relator was discharged and respondent has appealed directly to this court for review as authorized by section 10 of the Uniform Criminal Extradition Act. (Ill. Rev. Stat. 1959, chap. 60, par. 27.) The issues presented are the sufficiency of the rendition warrant issued by the Governor of Illinois and of the requisition or demand presented by the Governor of Michigan.

Section 3 of our uniform act provides that "No demand for the extradition of a person charged with a crime in another state shall be recognized by the Governor unless in writing alleging, * * * that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled the state," and further specifies, in the alternative, that the demand be accompanied (1) by a copy of an indictment or information supported by an affidavit; (2) a copy of an affidavit made before a magistrate together with a copy of any warrant which issued thereupon, or (3) a copy of a judgment of

conviction or of sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of bail, probation or parole. (Ill. Rev. Stat. 1959, chap. 60, par. 20.) As pointed out in *People ex rel. Hackler* v. *Lohman,* 17 Ill.2d 78, 87, these requirements are essentially the same as those found in the comparable Federal statute, (18 U.S.C.A., sec. 3182,) except for the third alternative which, we noted, "appears to have been added to meet the case of the escaped convict, a situation not necessarily encompassed where the showing· is to be made by indictment or affidavit."

The demand here, by its terms, was based upon the second alternative for it recited, under date of July 21, 1960, that it appears by "complaint and warrant," that relator "stand[s] charged" under the laws of Michigan with the crime of offering and giving bribe to public officers with intent to influence their acts.

With regard to rendition warrants issued by the Governor of Illinois, section 7 of our act provides in part: "If the Governor decides that the demand should be complied with, he shall sign a warrant of arrest, * * * The warrant must substantially recite the facts necessary to the validity of its issuance." (Ill. Rev. Stat. 1959, chap. 60, par. 24.) Adhering to the recital of the demand, the warrant here issued by the Governor of Illinois stated that "The Governor of Michigan demands of me the arrest and delivery of Benjamin D. Ritholz as a fugitive from justice, and has produced and laid before me a copy of a Complaint and Warrant certified as authentic by the said Governor and duly authenticated" etc. The warrant did not show on its face, however, that the complaint was based upon an affidavit before a magistrate, one of the jurisdictional requirements set forth in the second alternative fixed by section 3. And while, in the absence of matter curing the defect, the failure of the rendition warrant to recite this jurisdictional

requirement on its face is fatal, (See: *People ex rel. Ruka-vina* v. *Sain,* 22 Ill.2d 546,) we adhere to the view of the majority that legal deficiencies in the rendition warrant may be cured, in *habeas corpus* proceedings for the discharge of the fugitive, by including with the return of the sheriff or producing at the hearing the papers upon which the warrant was issued and which show that the warrant was justified. *People ex rel. Hackler* v. *Lohman,* 17 Ill.2d 78, 88-89; *Lacondra* v. *Hermann,* 343 Ill. 608, 613-614.

In the instant case supporting papers introduced in evidence by the respondent cured the defect on the face of the warrant by showing that the complaint was based upon an affidavit made before a magistrate, and thus foreclosed relator's attack upon the warrant on such ground. For the first time on appeal relator objects to the evidence introduced on the ground that no proper foundation was laid for its introduction. Not only does such objection come too late, but the supporting papers introduced into evidence were certified by a certificate of the Secretary of State. This was a proper certificate for their admission into evidence. Ill. Rev. Stat. 1959, chap. 51, par. 56.

While it is ordinarily true that a Governor's warrant which is regular on its face makes a *prima facie* case against the person named therein, (*People ex rel. Borelli* v. *Sain,* 16 Ill.2d 322, *People ex rel. Mack* v. *Meyering,* 355 Ill. 456,) it is likewise true that the Governor's warrant is not the entire proceeding but is merely a step in the process of extradition, the effect of which may be limited, impaired or even destroyed by the non-existence or impropriety of other necessary procedural matters. (*People ex rel. Maypole* v. *Meyering,* 358 Ill. 589; cf. *Steadman* v. *State,* 36 Ala. App. 253 1951, 54 So. 2d 633.) Here, moreover, relator has expressly brought the sufficiency of the requisition papers under attack, thus raising the question of whether, in the language of section 3, the Governor of Illinois was justified in "recognizing" the demand made upon him. In

proceedings for extradition the same strictness and accuracy is not required as in proceedings under indictments. Nonetheless, the right of personal liberty the fugitive enjoys under the United States constitution gives him the right to require in an extradition proceeding that he be substantially and in good faith charged with an offense against the laws of the demanding State, that he be afforded an opportunity to show he is not in fact a fugitive from justice, and that the demand be made in due and proper form. (*People ex rel. Leach* v. *Baldwin,* 341 Ill. 604; 20 I.L.P., Fugitives from Justice, sec. 10.) In the latter regard, a relator in custody by virtue of a warrant issued upon an insufficient requisition may be discharged on *habeas corpus. People ex rel. LaRue* v. *Meyering,* 357 Ill. 166.

As previously pointed out, the demand presented by the Governor of Michigan, under date of July 21, 1960, recited as its basis a "complaint and warrant" whereby the relator stood charged with the crime of bribing public officers. However, this recital is contradicted by the supporting papers introduced in evidence which show that relator was tried, convicted, sentenced and fined on August 6, 1956, of the crime of bribing public officers, that such conviction and sentence was appealed to and finally affirmed by the Supreme Court of Michigan on March 11, 1960, that he was admitted to bail pending the outcome of his appeal, and that he became a fugitive from the justice of that State by his failure to surrender himself upon the affirmance of his conviction.

To overcome the contradiction between the recitals of the demand and the supporting papers, the respondent, citing *People ex rel. Holmes* v. *Babb,* 414 Ill. 490, and *People ex rel. Westbrook* v. *O'Neil,* 378 Ill. 324, asserts that although the relator may have been convicted, he still "stands charged" with the crime for purposes of extradition, so long as the judgment of conviction remains unsatisfied. While this is indeed the law, it is no cure for the contradiction be-

tween the recitals of the demand and the supporting papers. In the *Holmes* case, and we assume the same was true in the *O'Neil* case, there was no such contradiction because the facts, as recited in our opinion (414 Ill. at 492,) reflect that the demand of the Governor of New York itself certified that the accused was "convicted of such crime and sentenced, broke the terms of his parole, and fled from the justice of that State." Here, by way of contrast, the demand recited that relator stood charged of a crime by virtue of a complaint and warrant, whereas the supporting papers reflected that he stood charged of the crime by virtue of a judgment of conviction. Cf. *LaSasso* v. *MacLeod,* 136 N.J.L. 345 1948, 56 A.2d 430.

Nor do we believe that the contradiction is a mere technicality. As pointed out in *People ex rel. Hackler* v. *Lohman,* 17 Ill.2d 78, 87, the third alternative in section 3 of our Uniform Criminal Extradition Act, *viz.,* that the demand be accompanied by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding State that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole, was added to meet situations not necessarily encompassed where the jurisdictional showing is made by indictment or affidavit before a magistrate. And we think the same distinction should appear in the demand. Otherwise, there would be no purpose in delineating separate jurisdictional bases, if the language of a demand that a relator stands charged by complaint and warrant is to be construed as encompassing every situation, which it obviously does not with clarity do. Here, for example, the recital of the demand that relator stood charged with a crime by complaint and warrant on July 21, 1960, requires an implication from the supporting papers, not at all clear, that the crime referred to was the same crime for which the relator had been tried and convicted on August 6, 1956. Had the

demand recited the judgment of conviction, as our statute contemplates in such cases, such recital, together with a statement by the executive authority that relator had broken the terms of his bail, would have obviated all need for implication and speculation and permitted the recognition of the demand to rest on certainty.

For the reasons stated it is our opinion that the requisition or demand was insufficient to justify the issuance of the rendition warrant, which is the only authority here shown for detaining the relator. Accordingly, the judgment of the criminal court of Cook County discharging the relator is affirmed.

*Judgment affirmed.*

Mr. CHIEF JUSTICE HERSHEY, dissenting:

Although holding that the supporting papers cured any defect in the Governor's warrant, the court concludes that the writ of *habeas corpus* was properly allowed because of a "contradiction" between the demand of the Governor of Michigan and the papers accompanying such demand. The court reads section 3 of our uniform act as precluding the Governor of Illinois from recognizing the demand under these circumstances. In my opinion, this result is not justified by the language of section 3, and to construe our statute as requiring this result raises serious constitutional problems which the opinion of the court fails to recognize.

In the first place, the demand of the Governor of Michigan does literally comply with the requirements of our statute. With respect to what documents must accompany the demand, section 3 specifies three alternatives, compliance with any one of which is sufficient. The second alternative is "a copy of an affidavit made before a magistrate, together with a copy of any warrant which was issued thereupon." Here the demand was accompanied by copies of such affidavit and warrant. Thus there was a literal compliance with the statute.

The "contradiction" between the recitals of the demand and the supporting papers does not exist. The demand, which, incidentally, is not required to state what it is accompanied by, recites that it is accompanied by a complaint and warrant. It is accompanied by a complaint and warrant. Thus there is no contradiction, and, even if there were, it would be immaterial so long as the demand was, in fact, accompanied by papers satisfying one of the alternative statutory requirements. Since the demand is accompanied by a warrant and by a complaint which is in the form of an affidavit made before a magistrate, there has been in fact a literal compliance with the second statutory alternative, namely, "a copy of an affidavit made before a magistrate together with a copy of any warrant which was issued thereupon." This is all that the statute requires and, had the demand been accompanied by nothing more, it would have been sufficient. But, because the demand was also accompanied by another affidavit indicating that relator had been convicted and had broken the terms of his bail, the court concludes that the third statutory alternative should have been employed and that the demand should here so recite. What the court actually holds is that, even though the demand of the Governor of Michigan complied with the second of the documentary alternatives provided in the statute, the third alternative would have been more apropriate, and, under these circumstances, the Governor of Illinois should not have recognized the demand. But the statute permits the use of any of the three alternatives; it does not require the Governor of Illinois to refuse to recognize the demand unless the Governor of Michigan has used the particular alternative deemed most appropriate by this court.

The rendition warrant considered with the supporting papers in evidence clearly showed a *prima facie* case for extradition and a substantial compliance with all statutory requirements. From the warrant and supporting papers, it is apparent that there was an information supported by

affidavit as well as an affidavit sworn to before a magistrate upon which warrant issued, certified to as authentic by the demanding Governor. The fact that the papers also showed a conviction and violation of bail does not contradict, negate, or render insufficient the other grounds shown justifying issuance of the rendition warrant; if anything, it strengthens them. A person remains "charged with a crime" within the meaning of the Federal and Illinois extradition statutes even after conviction and even while on parole from such conviction. (*People ex rel. Holmes* v. *Babb,* 414 Ill. 490; *People ex rel. Westbrook* v. *O'Neill,* 378 Ill. 324.) Where the rendition warrant and the supporting papers in evidence show one or more grounds required by the statute to exist, this is sufficient.

Here there is no question that relator is charged with a crime in the State of Michigan; there is no question that he is a fugitive from justice from that State; there is no question but that the State of Michigan is entitled to his return. Despite this, the majority protests that its decision is not based upon a mere technicality. In my opinion, not only is the decision based upon a technicality, but it is a technicality created by the court and having no justification in the statute.

Moreover, the construction here given by this court to section 3 of our uniform act suggests serious constitutional questions not recognized in the majority opinion. It is clear, and this court has always held, that interstate rendition is based upon the constitution and laws of the United States. Thus, in *People ex rel. Hackler* v. *Lohman,* 17 Ill.2d 78, we said, at page 84, that the Federal act "establishes 'a complete, expeditious and summary procedure for returning a fugitive from the asylum to the demanding State' * * * and that the statute should be accorded a liberal construction to accomplish the return of the fugitive summarily." We further stated that "While it is generally recognized that States may enact legislation ancillary to and in aid of this

provision of the United States constitution and its supplementary Federal legislation, it is also well settled that such enactments must not be inconsistent with the constitutional purpose or restrict the summary exercise of the authority of the executive. [Citations.] State legislation in conflict with the intent and meaning of the Federal constitutional provision is void."

Here, the majority has construed our statute as requiring a result exactly the opposite of what would have been the result under the constitution and laws of the United States in the absence of any State legislation. It is difficult to see how a statute, so construed, can be sustained as "ancillary to and in aid of" the Federal constitution and statutes. Moreover, implicit in the court's opinion, although nowhere recognized therein, is a further constitutional question concerning the power of the legislature to restrict the authority of the executive with respect to what demands he may recognize.

In my opinion, the judgment of the trial court should be reversed and the cause remanded with directions to quash the writ and remand the relator to custody.