(No. 36621.—

THE PEOPLE *ex rel.* Ocie Lee Coats, Appellant, *vs.* FRANK SAIN, Sheriff of Cook County, Appellee.

*Opinion filed March 23, 1962.*

Ragan & Robinson, of Chicago, (Edmond W. Ragan, of counsel,) for appellant.

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, and John T. Gallagher, and Marvin E. Aspen, Assistant State's Attorneys, of counsel,) for appellee.

Mr. Chief Justice Hershey delivered the opinion of the court:

This is an appeal from an order of the criminal court of Cook County quashing a writ of *habeas corpus* and remanding relator to custody.

The relator, Ocie Lee Coats, was arrested by the sheriff of Cook County on the authority of a rendition warrant issued by the Governor of Illinois on the requisition of the Governor of Alabama. A petition for a writ of *habeas corpus* was filed in the criminal court of Cook County to test the legality of the arrest and detention and the writ issued. After a hearing, the court, on March 8, 1961, entered an order quashing the writ and remanding relator to the custody of the sheriff for delivery to the agent of the Governor of Alabama. This appeal is from that order. We have jurisdiction on direct appeal. Ill. Rev. Stat. 1959, chap. 60, par. 27.

On this appeal, relator contends that the papers accompanying the requisition of the Governor of Alabama are insufficient to sustain the warrant. His principal contention in this regard is that the affidavit accompanying the requisition was not sworn to "before a magistrate" within the meaning of our extradition statute. (Ill. Rev. Stat. 1959, chap. 60, par. 20.) To support this contention he has included in his abstract and brief in this court copies of the requisition of the Governor of Alabama together with the accompanying papers, which include an affidavit sworn to before an officer designated as "Ex Officio Clerk" of the county court. This officer, he contends, is not a "magistrate" within the statutory requirement.

Neither the requisition of the Governor of Alabama nor the accompanying papers were introduced in evidence at the hearing on the writ of *habeas corpus*, nor do they appear anywhere in the record of the trial court. It is fundamental that, on appeal, a reviewing court is restricted to the record of the trial court. Since the papers accompanying the requisition of the Governor of Alabama do not appear in the record below, they are not properly before us on appeal and cannot be considered. The sole question for our consideration is the sufficiency of the evidence at the hearing to sustain the order quashing the writ.

At the hearing in the trial court, the respondent introduced in evidence only the warrant of the Governor of Illinois, and his own return to the writ. The warrant recited: "The Governor of the State of Alabama demands of me the arrest and delivery of Ocie Lee Coats as a fugitive from justice and has produced and laid before me a copy of an [*sic*] warrant and affidavit certified as authentic by the said Governor and duly authenticated, * * *." A warrant substantially identical in form was recently held insufficient on the ground that it did not show that it was based upon an affidavit made before a magistrate. (*People ex rel. Rukavina*

v. *Sain*, 22 Ill.2d 546.) For the same reason, the rendition warrant in this case is insufficient.

The People concede that the warrant of the Governor of Illinois is, on its face, defective but contend that the supporting papers may cure such a defect. This argument ignores the fact that these papers were not in evidence and, therefore, cannot be relied upon to cure the defect in the warrant. The rendition warrant being defective and there being no other evidence in the record to cure the defect, the trial court erred in quashing the writ and remanding the relator to custody.

Although the supporting papers from the State of Alabama were not before the trial court and, therefore, are not properly before us on appeal, both parties have relied upon these supporting papers and have argued on the assumption that these papers may properly be considered. In view of this, and in order to avoid any misunderstanding in the event of further rendition proceedings, we deem it appropriate to state our view with respect to the sufficiency of the supporting papers, particularly since, in our view, the same result would have been required had these papers been in evidence.

Here the affidavit was sworn to before an officer designated as "Ex-Officio Clerk" of the county court. This clerk was the clerk of the circuit court, such clerks being made, by Alabama statute, *ex officio* county court clerks. Respondent argues that since such clerks are, under the laws of Alabama, given authority to "administer oaths and take acknowledgments and affidavits," the officer in question is a magistrate within the meaning of the extradition statute. Respondent's argument is based upon the premise that the term "magistrate" as used in the statute does not necessarily denote a judicial officer but includes any officer authorized to administer oaths under the laws of the demanding State. This premise was expressly rejected in *People ex rel. LaRue*

v. *Meyering,* 357 Ill. 166, where we held that an affidavit sworn to before a Florida notary public did not meet the statutory requirement of an affidavit made before a magistrate. In that case, we distinguished *Compton* v. *Alabama,* 214 U.S. 1, 53 L. ed. 885, relied upon by the respondent here, which held that a Georgia notary public might properly be regarded as a magistrate under the Federal extradition act, pointing out that under the Georgia law the notary public was *ex officio* a justice of the peace and, therefore, a magistrate.

Not only did we, in *People ex rel. LaRue* v. *Meyering,* 357 Ill. 166, reject the argument that mere authority to administer oaths constitutes one a magistrate, but in a number of other cases we have stressed the importance of the requirement that the affidavit be executed before a judicial officer. (See *People ex rel. Rukavina* v. *Sain, 22* Ill.2d 546.) The requirement that the affidavit made before a magistrate be accompanied by any warrant issued thereupon suggests that, at the very least, a magistrate must be an officer authorized by law to hear complaints and issue arrest warrants thereon. The applicable Alabama statutes authorize the making of a criminal complaint "to any one of the magistrates specified in section 399 of this title" and require the magistrate to examine the complaint and to issue the warrant if he finds probable cause to exist. (Code of Alabama, 1958, Title 15, pars. 120, 122, 123.) The officers designated as "magistrates" in section 399 are "judges of the appellate and circuit courts, and courts of like jurisdiction, throughout the state, the judges of probate, the judges of county courts, judges of inferior courts, and justices of the peace, in their respective counties; and the mayor or chief officer of any incorporated town or city, within the limits of their respective corporations." Nowhere do we find any suggestion that either the clerk of the circuit court or the *ex-officio* clerk of the county court is, under Alabama law, vested with powers of such a nature as to justify classifying such officer

as a magistrate. Thus, even if the supporting papers had been in evidence, they would not have cured the defect in the rendition warrant, since they do not show that the affidavit was made before a magistrate, but, on the contrary, affirmatively show that the officer before whom the affidavit was made was not a magistrate.

The judgment of the criminal court of Cook County is reversed.

*Judgment reversed.*