THE PEOPLE *ex rel.* NICHOLAS GILARMINI, a/k/a Nicholas Giovanni, Relator-Appellant, *v.* RICHARD J. ELROD, Sheriff of Cook County, Respondent-Appellee.

First District (3rd Division)    No. 76-317

Opinion filed April 12, 1978.

Richard H. Trais, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Linda Ann Miller, and Gary W. Adair, Assistant State's Attorneys, of counsel), for appellee.

Mr. JUSTICE SIMON delivered the opinion of the court:

This appeal involves an effort by the State of Indiana to extradite relator, Nicholas Gilarmini. After his arrest by the sheriff of Cook County on the authority of a rendition warrant issued by the Governor of Illinois, on the requisition of the Governor of Indiana, the relator filed a petition for a writ of *habeas corpus* in the circuit court of Cook County to test the legality of the arrest and detention and of the rendition warrant. Following a hearing, the writ was quashed and relator was remanded to the custody of the sheriff for delivery to the appropriate Indiana authorities. The issue before this court is whether the writ of *habeas corpus* was properly quashed.

For Illinois to remand an Indiana fugitive to the Indiana authorities the requirements of Federal statute 18 U.S.C. §3182 (1976) must be met. Section 3182 provides:

"Whenever the executive authority of any State * * * demands any person as a fugitive from justice, of the executive authority of any State * * * to which such person has fled, and produces a copy of an indictment found or *an affidavit made before a magistrate of any State* * * * charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor * * * of the State * * * from whence the person so charged has fled, the executive authority of the State * * * to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within thirty days from the time of the arrest the prisoner may be discharged." (Emphasis added.)

The rendition warrant in this case was based upon two affidavits. Relator contends the affidavits were insufficient because they were not made before a magistrate.

Both affidavits were sworn to by a police officer. One of the affidavits stated relator had committed the crime of uttering a forged instrument in violation of Indiana law. This affidavit was sworn and subscribed to

before a deputy prosecutor who signed the jurat. The affidavit was then filed before a magistrate in a probable cause hearing. The magistrate signed an order, typed under the bottom of the affidavit, which stated probable cause existed.

The other affidavit in the warrant was part of an amended information filed in an Indiana court. This affidavit had also been sworn and subscribed to before the same deputy prosecutor who again signed the jurat. It was then filed before an Indiana judge who placed his signature on the bottom of the information underneath the jurat executed by the deputy prosecutor.

These affidavits do not justify the issuance of the rendition warrant. Illinois courts have uniformly held that affidavits sworn and subscribed to before nonmagistrates, such as notary publics, are not "affidavits made before a magistrate." (*People ex rel. Kubala v. Woods* (1972), 52 Ill. 2d 48, 284 N.E.2d 286; *People ex rel. Coats v. Sain* (1962), 24 Ill. 2d 248, 181 N.E.2d 179; *People ex rel. Rukavina v. Sain* (1961), 22 Ill. 2d 546, 548, 177 N.E.2d 110.) Our supreme court observed in *Rukavina* "this court has stressed the importance of this requirement that the affidavit be executed before a judicial officer." We interpret this to mean that the magistrate must administer the oath and sign the jurat.

This requirement is not an empty formality. It serves to impress the affiant with the importance and meaning of his affidavit, helping to insure his honesty. Although Indiana may permit a finding of probable cause upon affidavits sworn to a nonmagistrate, it is consistent with the plain meaning of the phrase "made before a magistrate" as used in the Federal statute that a disinterested judicial officer administer the oath, rather than a law enforcement official such as a deputy prosecutor. This requirement also eliminates confusion arising from the lack of familiarity officials of the asylum State may have with the authority of the person signing the jurat to administer oaths. For example, the record in the present case does not even indicate whether the deputy prosecutor had authority to administer an oath. The signature of a magistrate on the jurat with his office clearly indicated will eliminate any doubts as to whether the affidavit was made before a magistrate, and advance section 3182's purpose of providing an expeditous procedure for returning a fugitive to the demanding state. See *Kubala*, at 53.

At the very least, the requirement that the affidavit be made before a magistrate means that the record must indicate that the affidavit was subscribed and sworn to in the presence of a magistrate even if a nonmagistrate administered the oath. The record in the present case does not indicate that either magistrate was present when the affidavits in question were sworn and subscribed to before the deputy prosecutor.

In fact, the opposite appears to be true. Respondent acknowledges in

this court that the police officer's affidavit was sworn before the prosecutor and then "filed" before a magistrate in a probable cause hearing. Respondent also acknowledges that the amended information, containing the officer's affidavit, was "filed" before the judge. Each affidavit is stamped "filed in open court." We construe this to indicate that in both instances the affidavit was sworn and subscribed to without a magistrate present and then subsequently submitted to a magistrate in a separate proceeding. Respondent has never claimed that either magistrate administered an oath to the police officer or that either magistrate was present when the oaths were administered. This would hardly qualify as "made before a magistrate."

The record is at best ambiguous and we cannot presume the affidavits were made in the presence of a magistrate. (*Rukavina; People ex rel. Poncher v. Toman* (1939), 371 Ill. 275, 20 N.E.2d 579.) As stated by the court in *Poncher*, at pages 279-80:

> "[I]t is necessary that the return of the sheriff show * * * that the requisition of the Governor of the demanding State is based on either a copy of an indictment or of an affidavit made before a magistrate * * *. Courts of this State cannot presume that the complaint here certified was an affidavit before a magistrate, or that the one before whom such complaint was made was a magistrate * * *. No such showing appears in this record, and on such condition of the record it was error to remand plaintiff in error to the custody of the sheriff."

It is a logical and fair policy to place on the respondent in extradition cases the burden of proving that supporting affidavits were made before a magistrate. The relevant proof is within the exclusive control of the demanding State and the relator cannot be expected to risk apprehension by returning to the demanding State to investigate the matter.

The record in this case does not indicate that the affidavits were sworn to before a magistrate or even that a magistrate was present when the affidavits were sworn and subscribed to. Therefore, relator's petition for *habeas corpus* should have been allowed. The judgment of the circuit court is reversed.

Judgment reversed.

JIGANTI, P. J., and McGILLICUDDY, J., concur.