THE PEOPLE *ex rel.* ADOLPHO HERNANDEZ, Petitioner-Appellant, *v.* RICHARD J. ELROD, Sheriff of Cook County, Respondent-Appellee.

First District (3rd Division)    No. 79-240

Opinion filed September 30, 1980.—Rehearing denied November 17, 1980.

John A. Kareken, of Chicago (McCoy & Morris, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Iris E. Sholder, and Michael Lorge, Assistant State's Attorneys, of counsel), for appellee.

Mr. JUSTICE RIZZI delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County denying a petition for a writ of habeas corpus filed by relator, Adolpho Hernandez. We reverse.

On June 8, 1978, a warrant for the arrest of Hernandez was issued by the Governor of Illinois pursuant to a demand for extradition by the State of Massachusetts. The demand was supported by the affidavit of Peter J. Vinton, a special agent of the Drug Enforcement Administration of the United States Department of Justice. In his affidavit, Vinton stated that on July 14, 1975, he came in contact with Hernandez while investigating the sale and distribution of narcotic drugs in Fitchburg, Massachusetts; that he purchased heroin from Hernandez; and that in June 1976, Hernandez was indicted for unlawfully distributing heroin. On December 17, 1976, Hernandez failed to appear in court to answer the indictment, and a capias was issued.

Vinton's affidavit was sworn and subscribed before a notary public. The record does not contain a copy of the indictment returned against Hernandez. Also, the Governor's rendition warrant is not a part of the record.

On July 7, 1978, Hernandez filed a petition for a writ of habeas corpus, alleging that he is not the person named in the Governor's warrant and that he was not in the demanding State at the time the alleged crime

was committed. He also stated that he is not a fugitive from justice and is not substantially charged with a crime under the laws of Massachusetts.

■■ Hernandez argues that the supporting papers are insufficient to sustain the issuance of the Governor's warrant. We agree. The courts of the asylum State are bound by the requirements of 18 U.S.C. §3182 (1976) and the Uniform Criminal Extradition Act (see Ill. Rev. Stat. 1977, ch. 60, pars. 18-49). (*Michigan v. Doran* (1978), 439 U.S. 282, 288-89, 58 L. Ed. 2d 521, 526-28, 99 S. Ct. 530, 535-36.) Section 3182 of the Federal statute requires that the demand for extradition of a fugitive be supported by "a copy of an indictment found or an affidavit made before a magistrate of any State * * *." (18 U.S.C. §3182 (1976).) The relevant portion of the Uniform Criminal Extradition Act provides that no demand for extradition will be recognized unless accompanied by (1) a copy of an indictment found or by information supported by affidavit or (2) a copy of an affidavit made before a magistrate, together with a copy of any warrant which was issued thereupon. Ill. Rev. Stat. 1977, ch. 60, par. 20.

Here, respondent states that a copy of the indictment was included in the documents supporting the requisition warrant. He also states that a copy of the indictment was presented to the circuit court. However, the record fails to reveal a copy of the indictment.

■■ Respondent next argues that even if the indictment was not part of the supporting papers, the affidavit of Vinton was sworn before a magistrate and therefore the statutory requirements are satisfied. We disagree. The affidavit signed by Vinton was sworn and subscribed before a notary public. However, an affidavit made before a person who is not a magistrate, such as a notary public, is not sufficient to support the issuance of a rendition warrant. (*People ex rel. Kubala v. Woods* (1972), 52 Ill. 2d 48, 52, 284 N.E.2d 286, 289; *People ex rel. Gilarmini v. Elrod* (1978), 59 Ill. App. 3d 258, 260, 376 N.E.2d 53, 55; see *People ex rel. Coats v. Sain* (1962), 24 Ill. 2d 248, 252-53, 181 N.E.2d 179, 182.) The affidavit must be executed before a magistrate who is a judicial officer authorized to hear complaints and issue arrest warrants. (*Coats*, 24 Ill. 2d 248, 252, 181 N.E.2d 179, 182; see *People ex rel. Rukavina v. Sain* (1961), 22 Ill. 2d 546, 548, 177 N.E.2d 110, 111.) The mere authority to administer oaths does not render one a magistrate. *Coats*, 24 Ill. 2d 248, 252, 181 N.E.2d 179, 182.

Under Massachusetts law, unless otherwise expressly provided, a notary public is authorized to administer oaths or affirmations and take acknowledgments of deeds and other instruments. (Mass. Gen. Laws Ann., ch. 222, §1 (West 1958).) But a notary public in Massachusetts does not have the power to hear complaints and issue arrest warrants. (See Mass. Gen. Laws Ann., ch. 276, §§21, 22 (West 1972).) Thus, the officer before whom Vinton's affidavit was made was not a magistrate.

■■ Since there is no copy of the indictment in the record and no indication in the record that the affidavit was made before a magistrate, Hernandez' petition for a writ of habeas corpus should have been granted. (See *Gilarmini*, 59 Ill. App. 3d 258, 261, 376 N.E.2d 53, 56.) Accordingly, the order of the circuit court denying the petition for a writ of habeas corpus is reversed and the case is remanded with directions for the discharge of the plaintiff.

Reversed and remanded with directions.

McNAMARA and SIMON, JJ., concur.