STATE EX REL. ASHLEY, Petitioner, vs. CIRCUIT COURT FOR MILWAUKEE COUNTY and others, Respondents.

*June 6—June 24, 1935.*

40

42

For the petitioner there was a brief by *Fawsett & Shea* of Milwaukee, and oral argument by *Edmund B. Shea*.

For the respondents A. J. Straus Paying Agency, Inc., and Arthur J. Straus, trustees, there was a brief by *Harvey C. Hartwig* and *Drought & Drought,* and oral argument by *Mr. Hartwig* and *Mr. James T. Drought,* all of Milwaukee.

ROSENBERRY, C. J.   The question presented by the record in this case is whether or not the circuit court for Milwaukee county had the power or jurisdiction to proceed against the relator in the manner already described.   We do not attempt upon this application to review the merits of the matters sought to be determined by the circuit court.   The decision of the matter raised requires us to consider some fundamental propositions of law.

By statute, sec. 260.02, remedies are divided into (1) actions and (2) special proceedings.   An action is an ordinary proceeding in a court of justice by which a party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense (sec. 260.03).   Every other remedy is a special proceeding (sec. 260.04).   The relator in this case is not a party to an action.   Therefore the rules of law applicable to parties to actions have no application to him.   We borrowed our procedure very largely from the state of New York.   It was held in *Belknap v. Waters,* 11 N. Y. 477, that by ordinary proceeding it was intended to designate those proceedings which are instituted by summons and complaint, when they are of a civil nature, so an action may be defined as a prosecution which follows the essential forms, however modified, of actions at common law or equity.   3 Wait, New York Prac. (3d ed.) 415.

There is no statutory definition of a special proceeding except that already given.   The rule adopted in New York has not been followed to any great extent, and even in New York it has been modified.   In a general way, those actions begun by summons under the code are those which were begun by an original writ followed by a *capias ad respondendum* at the common law.   The other writs, such as writs of prohibition, *mandamus,* injunction, etc., do not fall under the classification of ordinary proceedings.   However, when the courts came to consider code procedure, it was found

necessary to apply the law relating to actions in cases where remedies were sought, which at the common law were granted upon writs other than a *capias ad respondendum*. Similar questions were presented when the federal courts came to consider what actions could be removed from state to federal courts. While it has been held that a condemnation proceeding is a special proceeding, it is nevertheless a suit at law and removable to a federal court from a state court. *Whelan v. New York, Lake Erie & Western R. Co.* (C. C.) 35 Fed. 849, 1 L. R. A. 65, and authorities cited in note.

Whether in a particular instance the remedy pursued is an action or special proceeding may depend upon the nature of the question under consideration, that is, whether it is one affecting substantive rights of parties or the question presented is one of mere procedure, right to appeal, etc. See 7 Words and Phrases (First Series), 6586 *et seq.* No useful purpose will be served in this case by attempting to distinguish between actions and special proceedings. The procedure by which the relator was brought into court upon the orders to show cause was clearly neither by way of action nor by way of special proceeding.

In *State ex rel. Milwaukee Medical College v. Chittenden,* 127 Wis. 468, 107 N. W. 500, it was held that proceedings instituted by the issuance of a writ, the writ there under consideration being a writ of *certiorari,* were actions and not special proceedings.

The procedure taken here not being by way of action or special proceeding, it constitutes a motion. An application for an order is a motion. Sec. 269.27. Every direction of a court or judge made or entered in writing and not included in a judgment is denominated an order. Sec. 269.26. The sole office of an order to show cause in connection with an application for an order is to prescribe a shorter time for

hearing than that prescribed for notice of a motion; otherwise they are identical. The motion in this case was one of which the moving party was required to give notice. Sec. 269.32.

The question presented is, May a party have relief in support of a judgment against a third person not a party to the action by way of a motion? This requires us to consider the nature of the relief asked. The motion of October 27, 1934, was that Ashley should be restrained from soliciting the purchase of bonds which were secured by the mortgages in suit. The motion of November 1, 1934, was that Ashley be required to surrender without compensation all bonds held by him secured by the mortgages in suit, the amount of the bonds to be applied to reduce the mortgage debt. The third motion of December 15, 1934, made by persons not parties to the action was that the relief mentioned in the two prior orders together with certain other relief be granted. The fourth motion was that Ashley be required to file a sworn statement regarding the amount of mortgage bonds held by him, the prices paid therefor, and the names of the persons from whom such bonds were obtained, and further required him to appear in court and submit to an examination under oath regarding his bond transactions and the alleged transfer of certain corporate stock. The record discloses that what was sought by these proceedings was to restrain Ashley from doing certain things which were thought by the trustee and by the persons who made the third motion to be hostile to the interest of certain of the bondholders. It was therefore upon its face a controversy between bondholders. It is difficult to see upon what ground the trustee could represent one group of bondholders against another group in a controversy between them. It appeared upon the oral argument and by briefs of counsel that the movers were fearful that Ashley by continued purchase of bonds might gain control of the

proceeding for the reason that under the terms of the trust deed involved the proceeding could be controlled by a certain bondholders' interest therein specified. We are cited to no case and after long and diligent search we are unable to find a case where relief of the kind sought has been granted to a third party by way of motion. It is true that in a certain limited class of cases a person not a party to the litigation may be moved against as where he has purchased property from a party pending the action or is a purchaser at a judicial sale made by direction of the court. 42 C. J. p. 476, § 28, and cases cited. The ownership of the bonds is not an issuable fact in this case. The ownership of the bonds is not declared in the foreclosure action and the action was brought and maintained by the trustee for the benefit of all bondholders. The relief sought by the moving parties is that ordinarily obtained by *mandamus* or injunction. The order requiring Ashley to submit to examination is quite apparently in aid of the other orders and to enable the moving parties to support their contentions upon the hearing. We find no warrant in the law for the procedure taken in this case. If Ashley is, as charged, doing things which constitute an invasion of the rights of the other bondholders, their remedy against him is by way of an action or possibly a special proceeding. We find no warrant in the law for bringing a person not a party to the suit before the bar of the court for the settlement of controversies existing between him and other persons which have no relation to the issues in the action and relate wholly to conduct not connected with the action. It is not claimed that Ashley is doing anything to interfere with the court in its effort to make a judicial disposition of the property. What is alleged is that some of the bondholders fear that Ashley, another bondholder, may gain an undue advantage by the purchase of bonds, and because he is in some way connected as a stockholder with the present owners of the equity of redemption. These are matters not within

the issues of the action and in no way affect the judgment or interfere in any way with the jurisdiction of the court over the parties or the subject matter of the foreclosure action.

The power to bring a citizen before the court summarily and otherwise than in accordance with the duly prescribed procedure is somewhat arbitrary in character and one which should be used sparingly and only when its use is clearly authorized.

On behalf of the respondent it is argued that the bondholders are parties by virtue of the contract contained in the bonds and the trust indenture. Each of the trust deeds contained a clause to the effect that no bondholder could maintain an action for foreclosure or for the appointment of a receiver except upon the failure of the trustees to act. It is argued that the bondholders under the trust deeds are bound by the judgment. There would seem to be no doubt but that that conclusion is sound. However, that does not make them parties to the action. As used in the codes, parties are designated as plaintiffs or defendants. By ch. 262, Stats., the names of the parties plaintiff and defendant are required to appear in the summons and those persons who appear as defendants must be served as provided by statute. Charles D. Ashley is nowhere named as a party plaintiff or defendant. It is no doubt a general rule that the beneficiaries of a trust are necessary parties to an action which affects their interest. To this rule, however, there are a number of exceptions. In *Board of Supervisors v. Mineral Point R. Co.* 24 Wis. 93, 128, the court said:

"In the case we are considering [foreclosure of a trust deed], the trustee was a proper person to represent and defend the interests of his *cestui que trusts;* and to have required the complainants, at their peril, to ascertain and bring in every person holding or beneficially interested in any one of the bonds, would have been to impose upon them a task most difficult, if not actually impossible, to be performed.

It would have been almost equivalent to denying them the aid of the court in the enforcement or foreclosure of their mortgage. The holders of the bonds were not, therefore, necessary parties; and the proceedings and decree, without them, are as valid as if they had been brought in. . . . A final decree, settling the, rights of all parties to the controversy, may be made without bringing such *cestui que trusts* before the court."

See note "Extent to which bondholders are represented by trustee in mortgage or deed of trust securing bonds," 16 L. R. A. (N. S.) 1006. 1 Wiltsie, Mortgage Foreclosure (4th ed.), p. 449, § 330, where it is said:

"Where bondholders or noteholders secured by a trust deed or mortgage are represented by a trustee, they are ordinarily not necessary or proper parties to the action by the trustee to foreclose."

It seems clear therefore that the bondholders as such are not necessary parties. Certainly the bondholder Ashley is not a party to the present foreclosure action.

There remains to be considered whether or not the moving parties were entitled to relief by way of a provisional remedy. The term *provisional remedy* is not defined in the statute, although it is used in sec. 274.33 relating to appealable orders. Originally, provisional remedies included arrest and bail, claim and delivery, injunctions, attachments, receivers, proceedings for part satisfaction of mortgage, and writs of *ne exeat*. *Witter v. Lyon,* 34 Wis. 564; *Noonan v. Orton,* 28 Wis. 386; Thompson, Provisional Remedies.

In *Noonan v. Orton, supra,* it is said:

"The remedy, therefore, is affirmative relief given when the exigencies of the case require it, and it is a remedy outside of and beyond those ordinary proceedings in an action which relate merely to matters of practice and procedure, or which rest entirely in the discretion of the court. Such being the character of the remedy given by the order appealed from, it seems very clear that the same is a *provisional* remedy."

It is manifest that the moving parties in this case did not seek a provisional remedy within the meaning of that term. The matters set out in the motion papers did not relate to matters in the action, but to a controversy between the bond-holders, none of whom were parties to the action, and therefore it was outside of the action and not within it.

*By the Court.*—Let the writ issue.