SCHWEERS HARDWARE COMPANY, Appellant, vs. DAVIDS and others, Respondents.

*September 12—October 11, 1938.*

*Ken Traeger* of Gresham, for the appellant.

For the respondents there was a brief by *David H. Winter,* attorney, and *Eberlein & McCarthy* of counsel, all of Shawano, and oral argument by *Mr. Winter.*

ROSENBERRY, C. J.   This case has an interesting and unusual history.   On the 26th day of September, 1927, the Schweers Hardware Company, hereinafter referred to as "plaintiff," commenced an action in circuit court against William C. Davids and Elmer L. Davids upon a promissory note.   No answer nor demurrer having been filed, judgment

was entered on December 19, 1927, for $476.88. On the 30th day of March, 1936, an execution was issued upon the judgment without first obtaining leave of the court. On the 6th day of June, the attorney for the plaintiff presented to the county court—circuit court branch—an affidavit that no part of the judgment had been paid, whereupon the county court, the judge signing as circuit judge, directed that an execution be issued out of the circuit court branch of the county court although the judgment was entered in the circuit court.

It appears from recitals, although there is no evidence in the case, that the sheriff levied pursuant to the first execution upon certain property upon which it is claimed the judgment was a lien. Thereupon Dudley Davids, who was the owner of the property, filed a petition in the county court—circuit court branch—setting up facts which it was claimed showed that the judgment was not a lien upon certain property owned by Dudley Davids. Upon this petition the county court—circuit court branch—issued an order requiring the plaintiff to show cause before the county judge on the 14th day of May, 1936, at 10 o'clock in the forenoon, why an order should not be made enjoining and restraining the plaintiff from levying upon any part of the property of the petitioner. The order to show cause was served on May 8, 1936. Thereafter a supplemental petition was filed by Dudley Davids in the county court—circuit court branch— and upon this supplemental petition a second order to show cause was issued. The plaintiff appears to have filed no answer to either petition, but it appears from recitals contained in the judgment that it appeared at a hearing held on the 18th day of May, 1935. This is apparently a clerical error for the reason that it appears from the recitals in the judgment that hearings were held on May 14, 1936, and on March 4, 1937. The court thereupon entered a judgment

by which it attempted to do the following things: Vacate its order of June 6, 1936, authorizing issuance of an execution out of the circuit court. It held the issuance of the execution by the circuit court void. It also found that it constituted a cloud upon the title of Dudley Davids. It further ordered that the execution issued out of the circuit court be stricken from the records and that all the proceedings subsequent to the issuance of the execution be held a nullity. It further adjudged that the judgment lien was junior to a certain $2,500 mortgage. It ordered that there was no equity in favor of the judgment debtor, it enjoined the plaintiff from levying under the judgment upon the real estate of Dudley Davids under the execution issued on June 6, 1936. It ordered, determined, and adjudged a great many other things. From this judgment the plaintiff appeals to this court.

No bill of exceptions was settled although a proposed bill was apparently served. This consisted of a lot of exhibits which are not marked or identified by the reporter, and a transcript of the reporter's notes, but the trial judge attached no certificate. The attention of parties was called to the state of the record, and it is proposed that a stipulation be entered that the matter be treated as an action for declaratory relief under the provisions of sec. 272.20 (2), Stats. However, no action has been begun. The appeal was not from a judgment entered in an action but from a final determination on a motion made in an action which was not pending in the court in which the motion was brought (*State ex rel. Ashley v. Circuit Court* (1935), 219 Wis. 38, 261 N. W. 737), so that it is impossible to treat it as an action for declaratory relief. Inasmuch as no matter except a motion or petition is pending in the county court, it cannot be treated as a special proceeding which the trial judge evidently thought it was. What the trial judge did was upon a

motion in a case over which the county court—circuit court branch—had no jurisdiction, to grant the petitioner full equitable relief as if an action in equity had been begun. If the final determination be treated as a judgment it went far beyond determining the question of homestead and enjoining the party from proceeding with the sale. In the absence of a bill of exceptions the documents found in the record become mere fugitive documents. They are not identified by the phonographic reporter as having been offered and received in evidence, and the whole record is in a state of utter confusion.

Under the circumstances it is considered that nothing remains to be done except to reverse the judgment, determination, or whatever it may be, made by the county court, with directions to dismiss the petition, and that a new proceeding or action be begun in the proper court with proper pleadings, and the matter conducted in a manner which will permit, if the parties desire it, a review by this court. No doubt the county court—circuit court branch—of Shawano county, has jurisdiction in a proper action to determine in accordance with the provisions of sec. 272.20 (2), Stats., what constituted the homestead of the judgment debtor at the time of the foreclosure sale, upon which the title of Dudley Davids is vested, but it cannot entertain a motion in an action in the circuit court.

*By the Court.*—The judgment or determination appealed from is reversed, and cause remanded with directions to dismiss the petition, each party to pay his own costs, the respondent to pay the clerk's fees in this court.