CAMPBELL *v.* GENESEE COUNTY SHERIFF

CRIMINAL LAW—EXTRADITION—INCONSISTENCY OF DEMAND WITH SUPPORTING PAPERS.

> Where demand for extradition states that the person sought to be extradited stands charged with the crime of theft and the supporting papers clearly indicate he is sought for commitment by reason of having been convicted and sentenced to prison by the requisitioning state, this contradiction renders the requisition warrant insufficient to justify a rendition warrant by the governor of this state, and a writ of habeas corpus should be granted where the rendition warrant was issued (CL 1948, § 780.1 *et seq.*).

Appeal from Genesee, Elliott (Philip C.), J. Submitted Division 2 October 11, 1968, at Lansing. (Docket No. 4,642.) Decided December 23, 1968.

Plaintiff was convicted of grand larceny in Michigan. Extradition requisition by governor of Illi-

REFERENCE FOR POINTS IN HEADNOTE
31 Am Jur 2d, Extradition § 35 *et seq.*

nois. Extradition warrant issued by governor of Michigan. Application for writ of habeas corpus by plaintiff. Denied. Plaintiff appeals. Reversed and remanded for entry of order.

*John W. Rae,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Peter Anastor,* Assistant Prosecuting Attorney, and *Marjorie McGowan,* Assistant Legal Advisor to the Governor, for defendant.

Holbrook, J. This is an appeal from denial of application for writ of habeas corpus in Genesee county circuit court brought by plaintiff, John W. Campbell, in relation to an extradition requisition made by the governor of Illinois and grant of extradition warrant issued by the governor of Michigan.

To adequately understand the issues raised upon appeal, it is necessary to review the background leading up to the extradition proceedings.

On June 28, 1963, plaintiff, John W. Campbell entered guilty pleas to two criminal charges of theft over $150 in Cook County Circuit Court, State of Illinois. He had previously been released on $5,000 bond. The matters were adjourned to September 20, 1963, and bond was continued.

Plaintiff, in the meantime, returned to Michigan, his place of residence. He was sentenced July 12, 1963, by the Ingham county circuit court for grand larceny to the State Prison for Southern Michigan for a term of 2-1/2 to 5 years. On November 8, 1963, *in absentia* while serving the Michigan sentence, plaintiff was sentenced by the circuit court for Cook county, Illinois, on the theft convictions to prison

terms of 2 to 3 years each, to run concurrently. He was advised by the sentencing judge by telephone of the sentences. The $5,000 bail bond was not forfeited, *i.e.,* by order of the court, November 8, 1963, surety was returned to the guarantor.

On March 30, 1964, the United States district court sentenced plaintiff to prison for a term of 2-1/2 years after a plea of guilty to an unspecified three-count indictment. The sentence specified it was not to commence to run until he was released by State authorities. In December of 1963, Cook county, Illinois, authorities sent to Michigan prison authorities, a detainer for plaintiff in the form of mittimus showing judgment of conviction and sentence to prison. In January of 1965, plaintiff declined to sign a waiver of extradition to Illinois before the Jackson county circuit court. No extradition proceedings were pursued by Illinois at that time. On February 17, 1965, plaintiff was released on parole to the United States marshal and taken to Federal prison in Milan, Michigan, to serve his March 30, 1964, sentence. On August 1, 1966, the governor of Illinois executed a requisition warrant directed to the governor of Michigan for delivery of John W. Campbell who "stands charged with the crime of theft, * * * committed in the county of Cook." On August 16, 1966, plaintiff was released on parole by Federal authorities. That day he was arrested by the Washtenaw county sheriff pursuant to the Cook county, Illinois, sheriff's warrant and arraigned in Washtenaw county circuit court. He was released on $1,000 habeas corpus bond. Pursuant to the requisition warrant from the governor of Illinois, a governor's hearing was held September 7, 1966, and rendition warrant was issued by the governor of Michigan on October 27, 1966. The Michigan governor's decision was reaffirmed after a hear-

ing on November 23, 1966. The habeas corpus proceedings in Washtenaw county were dismissed on April 28, 1967, at the request of plaintiff. The rendition warrant was forwarded to the sheriff of Genesee county on May 2, 1967. On June 2, 1967, the governor of Michigan denied plaintiff's request for a rehearing.

The instant habeas corpus action was brought in Genesee county circuit court on June 26, 1967. In July, 1967, the plaintiff was discharged from parole by the Michigan prison authorities. On October 3, 1967, testimony was taken in the habeas corpus proceedings and briefs were submitted. On October 30, 1967, decision of the circuit court was rendered denying plaintiff's application for writ of habeas corpus.

The plaintiff raises the following 3 questions for review: (1) Is the requisition of the governor of Illinois sufficient? (2) Has the Illinois sentence been served by plaintiff herein by the reason that it was to run concurrently with the prior Michigan sentence? (3) Was there an implied waiver or pardon by the State of Illinois when the Michigan prison authority, acting in official capacity, released plaintiff to the Federal marshal to serve the Federal sentence?

The Federal Constitution, art 4, § 2, together with the Federal statute found at 18 USCA, § 3182 is the basis for extradition. Through the years, many fact situations arose which were not covered by the Federal law. To bring uniformity of procedure, the conference of commissioners on uniform State law proposed a uniform criminal extradition act. At the present time, most of the 50 States have adopted it, including Michigan and Illinois. The Michigan uniform criminal extradition act is found

in CL 1948, § 780.1 *et seq.* (Stat Ann 1954 Rev §
28.1285[1] *et seq.*).

Plaintiff contends that the requisition demand of
the Illinois governor filed with the Michigan gov-
ernor is not in proper form so as to justify the Michi-
gan governor's extradition warrant.

Section 3 of the Michigan uniform extradition act
provides for 3 alternatives as a basis for request for
extradition, *viz.*:

"No demand for extradition of a person charged
with a crime in another state shall be recognized
by the governor unless in writing, accompanied by
the following papers:

"(1) Governor's requisition under the seal of the
state;

"(2) Prosecutor's application for requisition for
the return of a person charged with crime, wherein
shall be stated:

"(a) The name of the person so charged;

"(b) The nature of the crime;

"(c) The approximate time, place and circum-
stances of its commission;

"(d) That the accused was present in demanding
state at the time of commission of alleged crime;

"(e) That he thereafter fled from the state;

"(f) The state in which he is believed to be, in-
cluding the location of the accused therein, at the
time the application is made; certifying that, in
the opinion of the said prosecuting attorney, the
ends of justice require the arrest and return of the
accused to the demanding state for trial, and that
the proceeding is not instituted to enforce a private
claim;

"(3) Verification by affidavit of said application,
which shall be accompanied by certified copies of
the indictment returned or information and affidavit
filed, or of the complaint made to the judge or magis-

trate, and the warrant issued thereupon, stating the offense with which the accused is charged, or of the judgment of conviction or of a sentence imposed, in execution thereof, together with a statement by executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. Affidavits or documents as the prosecutor may deem proper may be submitted with such application."

Plaintiff's attack on the sufficiency of the requisition warrant of the governor of Illinois is two pronged. First, plaintiff claims it fails to contain any "statement by executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole." Secondly, plaintiff claims that because of the contradiction between the demand and the supporting papers, the Michigan governor should not have issued the rendition warrant. Plaintiff asserts in support of his position the Illinois case of *People, ex rel. Ritholz* v. *Sain* (1962), 24 Ill 2d 168 (180 NE2d 464). In *Ritholz,* Michigan and Illinois were likewise involved but the situation was reversed. The Michigan governor made a demand on the Illinois governor based on a "complaint and warrant" in Michigan, the second alternative under the statute. The Illinois governor issued the extradition warrant. *Ritholz* brought habeas corpus in the Illinois court to challenge the warrant. It appeared that while the Michigan governor's demand stated a complaint and warrant, the supporting papers showed a judgment of conviction, sentence and a jumping of bail. The trial court held with *Ritholz* and it was appealed to the supreme court of Illinois. The Illinois supreme court held that a contradiction between the requisition and

supporting papers was of sufficient importance so as to require the governor to deny the rendition warrant.

The instant case is analogous to *Ritholz, supra.* The Illinois governor's demand on the Michigan governor recites that plaintiff herein, stands charged with the crime of theft. However, the supporting papers clearly indicate that he is sought for commitment by reason of having been convicted and sentenced to prison by the Illinois trial court November 8, 1963. In *Ritholz, supra,* the demand recited the second alternative and the supporting papers supported that alternative, but also supported the third. The case before this Court involves the demand reciting the first alternative and the supporting papers support the first alternative, but also support the third. We conclude that the two cases are in law and fact identical. Defendant herein urges us to reject the majority opinion in *Ritholz* and adopt the dissent which called for approval of the extradition proceedings taken. Absent a final appellate decision in our jurisdiction consistent with the decision of the dissent in *Ritholz, supra,* we are compelled to follow the precedent made by the supreme court of our sister state of Illinois and rule that the requisition warrant of the governor of the state of Illinois is insufficient to justify the rendition warrant issued by the governor of Michigan because of the contradiction appearing in the demand and the supporting papers.

Because of this determination it is unnecessary to consider plaintiff's second and third questions raised on appeal.

In fairness to the learned trial judge it is well to note that the case of *Ritholz, supra,* was not cited by plaintiff in support of his position to the trial court.

Reversed and remanded for entry of order granting writ of habeas corpus.

QUINN, P. J., and VANDER WAL, J., concurred.