GRATZEK (Audrey), Petitioner and Respondent, v. REAL ESTATE EXAMINING BOARD, Respondent and Appellant. [Case No. 539.] *
GRATZEK (Carl), Petitioner and Respondent, v. REAL ESTATE EXAMINING BOARD, Respondent and Appellant. [Case No. 540.] *

*Nos. 539, 540. Submitted March 14, 1973.—Decided May 1, 1973.* (Also reported in 206 N. W. 2d 611 and 208 N. W. 2d 305.)

---

[15] *Town of Waukechon v. Shawano, supra,* at page 596.
* Motions for rehearing denied, without costs, on June 29, 1973.

For the respondent-appellant the cause was submitted on the brief of *Robert W. Warren,* attorney general, and *Robert J. Vergeront,* assistant attorney general.

For the petitioners-respondents the cause was submitted on the brief of *Teper, Fiorenza, Weiss & Teper,* S. C., of Milwaukee.

PER CURIAM. The real estate broker's and salesman's licenses for the petitioners came up for renewal at the time there were proceedings pending to revoke the licenses. The renewal application was denied because an investigation in the revocation proceedings was pending. Petitioners brought by order to show cause a mandamus action in circuit court for Milwaukee county to compel the issuance of the renewal licenses. The attorney general moved to quash on the grounds that mandamus did not lie and that the circuit court for Milwaukee county had no jurisdiction in the matter, but that application should be made to the circuit court for Dane county. The motion to quash was overruled. The writ which was issued was an alternative writ, not a peremptory writ, so that the board could answer the petition and go to trial on the merits. After the alternative writ was granted, the board did issue licenses to the petitioners. The petitioners move to dismiss on the ground that the appeal is moot because the board complied with the alternative writ. We need not consider this issue, because an order allowing an alternative writ of mandamus is not an appealable order under sec. 274.33, Stats.

This leaves for consideration the order overruling the board's motion to quash the alternative writ of mandamus. The attorney general claims this order is appealable because it is the substantial equivalent of a demurrer, and because it determines a question of jurisdiction. The motion to quash was supported by an

affidavit and exhibits. The motion was not restricted to consideration of the allegations of the petition. Accordingly, it was not the substantial equivalent of a demurrer. *Gauger v. Ludwig* (1972), 56 Wis. 2d 492, 202 N. W. 2d 233.

The jurisdiction of the circuit court for Milwaukee county was directly called into question by the motion to quash, and denial of the motion is appealable as an order determining a question of jurisdiction. However, instead of returning to the writ [or seeking a stay of proceedings under sec. 274.24, Stats.,] * the board chose to issue renewal licenses to the petitioners. The attorney general alleges that the petitioners have brought another mandamus action in the circuit court for Milwaukee county to challenge the scope of the licenses, claiming they did not comply with the alternative writ which was issued in this case.

We conclude that the board has waived its right to appeal the order denying the motion to quash. In *Richie v. Badger State Mut. Casualty Co.* (1963), 22 Wis. 2d 133, 125 N. W. 2d 381, we held that a party who voluntarily participates in the trial of an action after denial of a motion for summary judgment without having requested a stay until an appeal has been determined waives his right to appeal from the order. The same reasoning is applicable to this case. Any issue as to the subject matter jurisdiction of the circuit court for Milwaukee county will be reviewable in the event there is an appeal in the second mandamus action.

The appeals are dismissed.

The following memorandum was filed on June 29, 1973.

PER CURIAM *(on motion for rehearing)*. It has been called to the court's attention that sec. 274.24, Stats., is not applicable to the state of Wisconsin or to the plain-

---

* Clarified in subjoined memorandum opinion on motion for rehearing.

tiff board or to the respondent in this case. What was meant in the opinion by the phrase "or seeking a stay of proceedings under sec. 274.24" was that the state did not appeal. We do not decide now whether or not sec. 274.26 was applicable because it is immaterial to the basis for the dismissal, which was the board waived its right to appeal by choosing to issue renewal licenses.

Rehearing denied without costs.