STATE EX REL. HANSON, Respondent, v. DEPARTMENT OF HEALTH & SOCIAL SERVICES, Appellant.

*No. 64.   Argued June 4, 1974.—Decided June 28, 1974.*
(Also reported in 219 N. W. 2d 267.)

368

For the appellant the cause was argued by *Michael R. Klos,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

For the respondent there was a brief and oral argument by *Howard B. Eisenberg,* state public defender.

CONNOR T. HANSEN, J. June 21, 1971, the defendant was convicted of operating a motor vehicle without the owner's consent, contrary to sec. 943.23, Stats. The defendant was sentenced to an indeterminate term of not to exceed thirty months, execution of the sentence was stayed and the defendant was placed on probation for thirty months.

Although the defendant states ". . . the issue before the court is not the merits of the revocation, but simply the procedure utilized," we deem it necessary to set forth the facts in considerable detail.

At the time of the conviction, the defendant was living in Michigan and he was also on probation to Michigan authorities. The department undertook to arrange for the defendant to reside in Michigan during the term of his probation, pursuant to the provisions of sec. 57.13, Stats., "Out-of-state parolee supervision; state compacts." In order to accomplish the transfer, the defendant gave his Wisconsin probation agent (hereinafter agent) two Michigan addresses and his then Ann Arbor, Michigan, telephone number.

His working address was given as 606 Crapo, Flint, Michigan. A mistake occurred in the department's records as to the Ann Arbor residence address of the defendant and it is because of this error that the initial difficulties arose in this case. The agent gave the defendant a travel permit directing him to report to his Michigan probation agent which reflected the address of

Michigan probation agent which reflected the address of the defendant to be 2120 Pauline Boulevard, Apt. 305, Ann Arbor, Michigan. This appears to be the correct address of the residence of the defendant's wife.

After the defendant left for Michigan, the agent discovered he had not had the defendant sign the "Application for Compact Services." The agent's records reflected the defendant's Ann Arbor residence address to be 2025 Pauline Boulevard and not 2120 Pauline Boulevard. The agent mailed the application to the "2025" address and it was returned marked "No such number." The agent mailed a letter to the defendant at the Flint, Michigan, address on July 1, 1971, and a second letter to the same address two weeks later. Both of these letters were returned by postal authorities, marked "Addressee unknown."

August 5, 1971, the agent telephoned the defendant's wife, and at this time learned of the error in the Pauline Boulevard address. The agent then mailed a fourth letter to the correct address. This letter was never returned. September 2, 1971, the agent sent a fifth letter to the supposedly correct address of the defendant. This letter included a receipt for funds credited to the defendant's court obligation imposed by his Wisconsin probation order and a further request for the defendant to complete and return the enclosed Application for Compact Services. This fifth letter was returned marked "Return to sender, address unknown."

After the defendant returned to Michigan, he reported to the probation authorities on July 6, 1971, and August 5, 1971. At his probation revocation hearing in Wisconsin, the defendant testified he returned to his job at Flint but got into a dispute with his supervisor as to why he had been in Wisconsin. He quit his job three days later and testified he left his employer his forwarding address, 2120 Pauline Boulevard. A divorce action was pending between defendant and his wife. The fourth letter addressed to 2120 Pauline Boulevard was received

by the defendant's wife. She delivered it to the main post office, but he testified he never received it. His wife told him that he had received a letter from Wisconsin but did not tell him it was from the department.

None of the envelopes containing the five letters sent to the defendant indicated they were from the department. They each reflected a return address of "P O Box 213, Sparta, Wisconsin 54656." When the fifth letter, dated September 2, 1971, was returned, the defendant was not living with his wife.

Defendant further testified his Michigan probation agent told him in July that he would notify the defendant when the transfer paper work came from Wisconsin. The Wisconsin transfer papers, of course, never were received by the Michigan authorities because of the Wisconsin agent's inability to contact the defendant and have him sign the Application for Compact Services.

Defendant testified that in August, 1971, he met his wife and her brother while they were going to see her attorney about the divorce proceedings. Defendant endeavored to talk to his wife. An altercation ensued between the defendant and his wife's brother which resulted in the defendant's being arrested and charged with assault and battery. After his arrest, and about August 20, 1971, the defendant went to Nevada. He intended to return to Michigan in September. However, while in Nevada he was robbed, arrested for a misdemeanor, and hence did not return to Michigan as he had planned. By November 30, 1971, he was back in Michigan and he pled no contest to the assault and battery charge. He received a thirty-day sentence in the Washtenaw county jail, Ann Arbor, Michigan.

As a result of this incarceration, the department was finally able to locate the defendant. The department decided to revoke his Wisconsin probation. January 31, 1972, the Governor of Wisconsin instituted extradition proceedings to have the defendant returned to Wisconsin on the ground that the defendant had " 'breached the

conditions of his probation by absconding.' " [1] There has never been a timely challenge to any aspect of the extradition proceeding.

After the defendant had been returned to Wisconsin, the department gave the defendant written notice of his revocation hearing which alleged:

"ALLEGATIONS OF THE BUREAU OF PROBATION AND PAROLE
"That he was convicted of a new offense, Assault and Battery, on 11–30–71 and given a 30-day jail sentence and is now serving said sentence at Washtenaw County Jail, Ann Arbor, Michigan.

"He failed to cooperate with probation authorities by: (a) not keeping agent informed of his whereabouts and activities (his whereabouts were unknown from 6–21–71 through 12–1–71); (b) his failure to provide correct address which resulted in correspondence being returned to agent unopened; (four out of five letters sent were returned unopened, the fifth was not returned, but was never answered.)"

The defendant was represented by counsel at the revocation hearing. Both defendant and the department presented evidence.

---

[1] Sec. 976.03 (3), Stats., provides as follows:

"(3) FORM OF DEMAND. No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging, except in cases arising under sub. (6), that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by a copy of an indictment found or by an information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereon; *or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole.* The indictment, information or affidavit made before the magistrate must substantially charge

In regard to the second allegation in the notice of revocation hearing, the examiner found: That the allegation that the defendant had failed to provide the department with the correct address was not supported by the evidence; that he met his obligation to the department by reporting to the Michigan authorities during July and August; and that his whereabouts and activities were unknown beginning September, 1971 (he left for Nevada without knowledge or consent of either Michigan or Wisconsin authorities about August 20, 1971) and not June, 1971.

The examiner recommended that the defendant's probation be revoked for the reasons that (1) he was convicted of a new offense and sentenced to thirty days in Michigan; and (2) he failed to cooperate with the Michigan authorities by failing to keep them informed of his whereabouts and activities subsequent to September 1, 1971.

The examiner further found that the action of the bureau in recommending the revocation of his probation was neither arbitrary nor capricious.

The secretary of the department entered a revocation order providing as follows:

"AND WHEREAS, the above named has violated the conditions of probation by the following:

1. The aforesaid was convicted of a new offense, Assault & Battery on 11–30–71, and given a 30 day jail sentence at Washtenaw County Jail, Ann Arbor, Michigan.

2. The aforesaid has failed to cooperate with probation authorities by: (a) not keeping agent informed of his whereabouts & activities (his whereabouts were unknown from 6–21–71 thru 12–1–71) ; (b) failure to provide correct address which resulted in correspondence being re-

the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, judgment or conviction or sentence must be authenticated by the executive authority making the demand." (Emphasis added.)

turned to agent unopened; (four out of five letter [sic] sent were returned unopened, the fifth was not returned but was never answered.

"THEREFORE, in accordance with section 973.10 (2) of the Wisconsin Statutes, it is now ordered that said probation be and hereby is revoked with effective date of violation being *November 30, 1971*"

The instant certiorari proceeding followed. The trial court found that the revocation of the probation of the defendant was "grossly unfair" and that he was denied due process of law. The trial court granted the writ of certiorari on January 15, 1973, and on January 24, 1973, ordered the probationary status of the defendant reinstated.

The denial of due process argument was advanced both at the revocation hearing and in trial court. It is founded upon the proposition that the notice of hearing for revocation of probation contains additional allegations not set forth in the governor's extradition warrant. We find no merit to this argument. An extradition proceeding is not subject to collateral attack in a probation revocation hearing. No challenge has ever been made to the adequacy of the notice of alleged probation violations contained in the notice of revocation hearing. In fact at the hearing the defendant admitted the subsequent Michigan conviction. The ultimate findings of the examiner are based almost entirely upon the defendant's testimony. In urging the due process argument, both the trial court and counsel for the defendant considered *Campbell v. Genesee County Sheriff* (1968), 15 Mich. App. 210, 166 N. W. 2d 267, and *People ex rel. Ritholz v. Sain* (1962), 24 Ill. 2d 168, 180 N. E. 2d 464, as authority. Both *Campbell* and *Ritholz* concern direct challenges to extradition proceedings. They stand for the proposition that in an extradition proceeding the requisition and the supporting data must be consistent and set forth the same

grounds. The cases have no relevance to the defendant's due process argument.

A more appropriate analogy can be drawn from the established principle that even though a defendant is extradited on a charge of a specific crime, he may be prosecuted for offenses other than that for which he was surrendered to the demanding state. This principle is embodied in the Uniform Criminal Extradition Act.

Sec. 976.03 (29), Stats., provides as follows:

"(29) No RIGHT OF ASYLUM. After a person has been brought back to this state by, or after waiver of, extradition proceedings, he may be tried in this state for other crimes which he may be charged with having committed here, as well as that specified in the requisition for his extradition."

As a second grounds for revocation, the order of the department states that the defendant failed to cooperate with probation authorities by not keeping the agent informed of his whereabouts and activities from June 21, 1971, through December 1, 1971, and failing to provide correct mailing addresses.

The trial court ruled that revocation on this ground was "grossly unfair." In *State ex rel. Johnson v. Cady* (1971), 50 Wis. 2d 540, 550, 185 N. W. 2d 306, this court set forth the standard of judicial review on certiorari in a probation revocation proceeding when the sufficiency of the evidence to support a probation revocation is at issue to be as follows:

". . . We further conclude that the scope of the review shall be addressed to whether the department's action was arbitrary and capricious and represented its will and not its judgment.

" 'The board is presumed to have had before it information which warranted the order of revocation, and its determination of the matter is conclusive unless the prisoner can prove by a preponderance of the evidence

the board's action was arbitrary and capricious. That burden rests squarely on the prisoner, and if he fails to sustain the burden, the courts will not interfere with the board's decision. . . .' "

The examiner found that the defendant had failed to keep the agent informed of his whereabouts and activities from September 1, 1971, instead of June 21, 1971, as alleged in the notice of revocation hearing, and further that the allegation in the notice of hearing concerning failure to provide a correct mailing address was not supported by the evidence. We are of the opinion that the order of revocation should have conformed to the findings of the examiner. However, in this instance the failure of the revocation order to conform to the examiner's findings is not fatal.

In *State ex rel. Plotkin v. H&SS Dept.* (1974), 63 Wis. 2d 535, 217 N. W. 2d 641 (decided May 20, 1974), we adopted certain of the American Bar Association *Standards Relating to Probation.* The order of revocation in the instant case was issued July 12, 1972. Therefore, the *Standards* adopted in *Plotkin* were not in effect at the time of defendant's revocation. The grounds for revocation upon which the examiner found the action of the department not to be arbitrary or capricious are encompassed within the order of revocation. The findings of the examiner that the activities and whereabouts of the defendant were not known by the authorities after September, 1971, instead of June 1, 1971, are based almost entirely on the undisputed testimony of the defendant.

The defendant also argues that both the notice of hearing and order of revocation allege failure to cooperate with authorities by keeping them informed of his activities and whereabouts, while the examiner found he failed to so inform the Michigan authorities. This argument is wholly frivolous. The fact is that the defendant knew

he had been sentenced to thirty months in Wisconsin and that the execution of the sentence had been stayed, and he had been placed on probation for thirty months. He also knew he was on probation in Michigan. After the altercation with his brother-in-law in late August, 1971, and his subsequent arrest for assault and battery, he took off for Nevada without the knowledge or consent of the authorities of either state. His whereabouts was unknown to either of the authorities. The above facts are undisputed.

The defendant was afforded his full panoply of due process rights. He did not prove by a preponderance of the evidence that the department acted arbitrarily or capriciously and the trial court erred in granting the writ of certiorari and ordering the probation of the defendant reinstated.

During the course of the proceedings on this revocation, the defendant has raised other issues which we consider it appropriate to consider.

In his brief, but not on oral arguments, the defendant advances the proposition that review of probation and parole revocation proceedings are subject to the provisions of ch. 227, Wisconsin statutes, relating to administrative reviews. We have previously decided in *State ex rel. Johnson v. Cady, supra,* and more recently in *State ex rel. R. R. v. Schmidt* (1974), 63 Wis. 2d 82, 216 N. W. 2d 18, that revocation proceedings are not subject to the review provisions of ch. 227 but are reviewable by certiorari to the court of conviction. We consider that we have previously disposed of this issue and that the review procedure in revocation proceedings needs no further comment at this time.

In a previous motion to dismiss this appeal, which we denied, the defendant argued that this appeal was moot because a reversal of the trial court's decision would require the department to seek defendant's return from

Michigan where he is presently on probation. We do not agree with this contention. Hopefully, the defendant's rehabilitation under Michigan probation authorities has been such that his return to Wisconsin will not be dictated. Nevertheless, even though we have reversed the January 15, 1973, judgment and January 24, 1973, order of the trial court, the department may be required to extradite the defendant if it seeks defendant's return to Wisconsin. However, in such an event the department will not be required to conduct a new or another revocation hearing. He has had such a hearing and his probation stands revoked. However, had it been our decision to affirm the orders of the trial court and the department then elected to pursue the matter further in this state, not only might it be necessary for the department to again extradite but the defendant would also be entitled to a revocation notice and hearing.

The defendant also reasserts, in his brief, his previous motion to dismiss this appeal.

We would first observe that certiorari is an action as defined by sec. 260.03, Stats., and the proceeding is terminated by a judgment. Therefore, the order of the trial court dated January 15, 1973, should have been properly denominated a judgment and not an order. *State ex rel. Dame v. LeFevre* (1947), 251 Wis. 146, 149, 28 N. W. 2d 349; *State ex rel. Ashley v. Circuit Court* (1935), 219 Wis. 38, 44, 261 N. W. 737; *State ex rel. Milwaukee Medical College v. Chittenden* (1906), 127 Wis. 468, 107 N. W. 500.

We would further observe that in a per curiam opinion of this court, *State ex rel. H&SS Department v. Circuit Court* (1973), 57 Wis. 2d 329, 330, 204 N. W. 2d 217, a case concerning this defendant's probation status, this court stated ". . . the revocation of probation and its review and appeal to this court is essentially a criminal matter . . . ." Such language is not consistent with either prior or subsequent holdings of this court or the United

States Supreme Court, and it is accordingly withdrawn. It has been repeatedly held that revocation of probation and parole proceedings are not a part of a criminal prosecution. *See: State ex rel. Johnson v. Cady, supra; State v. Fuller* (1973), 57 Wis. 2d 408, 204 N. W. 2d 452; *State ex rel. Cresci v. H&SS Department* (1974), 62 Wis. 2d 400, 406, 407, 215 N. W. 2d 361; *Morrissey v. Brewer* (1972), 408 U. S. 471, 92 Sup. Ct. 2593, 33 L. Ed. 2d 484.

A certiorari proceeding in the committing court to review a revocation of parole or probation is not a criminal proceeding within the meaning of Title XLVII, *Criminal Procedure.* It is a separate and distinct proceeding or action as defined by sec. 260.03, Stats. The writ of certiorari is either denied or granted by judgment of the trial court and is appealable under the provisions of Title XXV, *Procedure in Civil Actions.*

*By the Court.*—Judgment and order reversed.