STATE EX REL. MUNTWYLER, Respondent, v. DEPARTMENT OF HEALTH & SOCIAL SERVICES, and another, Appellants.

*No. 75–414. Decided May 14, 1976.*
(Also reported in 241 N. W. 2d 602.)

For the appellants: *James H. McDermott,* assistant attorney general, and *Edward F. Zappen, Jr.,* district attorney of Wood county.

For the respondent: *Walter G. Wefel, Jr.,* of Wisconsin Rapids.

WILKIE, C. J. The petitioner-respondent has made a motion to be restored to probationary status pending the determination of the state's appeal in this case. The motion presents the question whether this court may act, notwithstanding that the order of the trial court re-

versing a probation revocation order of the Department, is stayed under sec. 274.26, Stats., pending determination of the appeal. We conclude that we have power to dissolve the statutory stay, and that the power should be exercised in this case.

Petitioner was convicted of burglary on July 31, 1972, in the county court of Wood county, Fred A. Fink, County Judge. He was placed on probation for four years. His probation was revoked by the Department effective February 13, 1974, after a hearing on November 12, 1974, in the Wood County Jail. The revocation order stated that he had been convicted of new offenses in Illinois, three counts of deceptive practices and one count of possession of a motor vehicle with a fictitious motor vehicle registration number. He was placed on probation for those offenses in Illinois.

Petitioner sought to review the revocation of his probation by certiorari directed from the county court of Wood county to the Department. The court ruled that petitioner was denied due process in the conduct of the hearing and that the Department's action revoking probation was arbitrary and capricious and not supported by the evidence. Accordingly, the Department was ordered to return the petitioner to probationary status. The Department appealed the judgment in the certiorari action to this court.

In opposition to the petitioner's motion, it is argued that under sec. 274.26, Stats., the direction to return petitioner to probationary status was automatically stayed when the appeal was taken. Therefore, it is claimed there is no authority of any court to order the release of petitioner pending the appeal, because certiorari to review probation revocation is a civil proceeding and the authority to admit a prisoner to bail pending appeal exists only in criminal matters. [1]

---

[1] Sec. 969.01, Stats.

An issue similar to the one in the instant case came up in *State ex rel. H&SS Department v. Circuit Court.*[2] In that case it was held that sec. 274.26, Stats., was not applicable to an appeal from certiorari involving probation. However, the underpinning of this holding, that probation and parole revocation were essentially criminal matters, was removed by the opinion of the court in *State ex rel. Hanson v. H&SS Dept.,*[3] where the language of the earlier case was withdrawn.

Section 274.24, Stats., provides that the performance of an appealed order is not delayed unless the court sets conditions for a stay. One of the conditions which may be set is a bond. Section 274.26 provides that a state appeal stays performance of the judgment or order appealed from, and no undertaking need be given. The latter statute goes on to provide that the appellate court may require security as a condition of further prosecution of the appeal. We have held that sec. 274.24 does not apply in the case of a state appeal because of the automatic stay provisions of sec. 274.26.[4]

We hold that the power to require security as a condition of prosecution of the state appeal under sec. 274.26, Stats., includes the lesser power to dissolve the stay during the pendency of the appeal. We are persuaded that a bond as condition of the prosecution of this appeal would be an inadequate remedy for the petitioner. The subject of the appeal is a decision by the trial judge that petitioner's constitutional rights were violated. Such a decision is not lightly made. It should be respected unless and until overturned on appeal.

*By the Court.*—The department is ordered to restore petitioner to probationary status pending the hearing and determination of the appeal in this case.

---

[2] (1973), 57 Wis. 2d 329, 204 N. W. 2d 217.

[3] (1974), 64 Wis. 2d 367, 219 N. W. 2d 267.

[4] *Gratzek v. Real Estate Examining Board* (1973), 58 Wis. 2d 534, 208 N. W. 2d 305. (on rehearing)